COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| TIMOTHY MILLER, | § | |
| | | No. 08-12-00156-CR |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 396th District Court |
| THE STATE OF TEXAS, | § | |
| | | of Tarrant County, Texas |
| Appellee. | § | |
| | | (TC#1222337D) |
| | § | |

## **O P I N I O N**

Appellant, Timothy Miller, appeals his conviction for attempted capital murder.[1] We affirm.

### **BACKGROUND**

By indictment, Appellant was charged with committing attempted capital murder. In open court on March 19, 2012, Appellant rejected the State's plea offer of a fifteen-year sentence and informed the court that he would consider a sentence of five to seven years. The trial court informed Appellant that he could discuss his request with the State and that a jury would be picked the following week if no plea agreement was reached.

Four days later, Appellant returned to the trial court where he executed a sworn, written

---

[1] We decide this case in accordance with the precedent of the Court of Appeals in Fort Worth, from which this case was transferred. TEX. R. APP. P. 41.3.

judicial confession and entered an open plea of guilty to the charge of attempted capital murder.

The trial court admonished Appellant, in part, that he was presumed innocent and that the State could be put to its burden of producing witnesses and the burden of proving him guilty beyond a reasonable doubt, and that Appellant's counsel could cross-examine the State's witnesses and present evidence. It explained that Appellant had the right to be tried before a jury and, if found guilty, to have the jury assess punishment. The trial court determined that there was no plea agreement and confirmed that Appellant wished to enter a plea of guilty to the trial court, have the trial court decide whether or not to find Appellant guilty and, if guilty, to assess Appellant's punishment. Appellant acknowledged that he understood that the range of punishment for the offense of attempted capital murder is confinement for no less than five years and no more than ninety-nine years or life, and imposition of a fine not to exceed $10,000. Knowing all of this, Appellant pleaded guilty to attempted capital murder.

When the State indicated that it was prepared to present a pre-sentence investigation report or a narrative recitation of the evidence in the case to support a finding of guilt, Appellant's counsel responded, "We have no problem with a narrative, Judge." The State recited that Appellant and a juvenile co-defendant had purposefully lured the complainant to a house to have sex with a female, then kidnapped and sought to kill him. Appellant drove a vehicle in which his juvenile co-defendant was a passenger and the complainant was located in the backseat of the vehicle. Appellant and his co-defendant took the complainant behind a restaurant where the co-defendant shot the complainant three times. The complainant was able to crawl out of the bushes and into the restaurant. When asked if there was anything Appellant wished to present, Appellant's counsel answered, "No, Your Honor." Upon the trial court's inquiry, the State

advised the court that Appellant's co-defendant had received a sentence of twenty years. The trial court found Appellant guilty and sentenced him to fifteen years' confinement.

## DISCUSSION

In Issue One, Appellant complains that the evidence is legally insufficient to sustain his conviction for attempted capital murder and specifically complains that he was convicted "without a single witness testifying against him, without a single shred of physical evidence admitted into the record, or without even the simplest form of a written statement." Appellant notes that the trial court made a finding of Appellant's guilt "solely based on the indictment, the judicial confession, the guilty plea, and a very brief factual narrative[.]"

The appellate standard of review announced in *Jackson v. Virginia* is not applicable when the defendant knowingly, intelligently, and voluntarily enters a plea of guilty or nolo contendere. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Chindaphone v. State*, 241 S.W.3d 217, 219 (Tex.App. – Fort Worth 2007, pet. ref'd). A sufficiency review on appeal of a guilty plea is confined to determining whether there is sufficient evidence to support the judgment of guilt under article 1.15 of the Texas Code of Criminal Procedure. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). We will affirm the trial court's judgment if the State introduced evidence that embraces every essential element of the charged offense and is sufficient to establish the defendant's guilt. *Chindaphone*, 241 S.W.3d at 219.

No person can be convicted of a felony except on the verdict of a jury duly rendered and recorded, or when the defendant enters a plea of guilty or nolo contendere and has, in writing in open court, waived his right to trial by jury in accordance with articles 1.13 and 1.14; provided that the State presents sufficient evidence to prove the defendant's guilt and the court accepts the

3

evidence as the basis for its judgment. TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005). A trial court cannot render a felony conviction based on a guilty plea without sufficient evidence to support the charged offense. *See* TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005); *Menefee v. State,* 287 S.W.3d 9, 13 (Tex.Crim.App. 2009).

In his written judicial confession, Appellant states:

> Upon my oath I swear my true name is Timothy Miller and I am 30 years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State. All facts alleged in the indictment or information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. All enhancement and habitual allegations set forth in the indictment are true and correct, except those waived by the State. I further admit my guilt on any unadjudicated offenses set forth in the plea recommendation set out above, and request the Court to take each into account in determining my sentence for the instant offense. I swear to the truth of all of the foregoing and I further swear that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

A judicial confession, standing alone, is sufficient to sustain a conviction based on a guilty plea and satisfies the requirements of article 1.15 as long as the judicial confession embraces every element of the charged offense. *Menefee,* 287 S.W.3d at 13; *Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App. 1980) (op. on reh'g); *Chindaphone*, 241 S.W.3d at 219. When the defendant specifically states in the judicial confession, "I have read the indictment or information filed in this case and I committed each and every act alleged therein," the judicial confession alone is sufficient evidence to support the guilty plea under article 1.15 of the Code of Criminal Procedure. *Dinnery,* 592 S.W.2d at 353; *Chindaphone,* 241 S.W.3d at 220.

Appellant's judicial confession acknowledging that he had read the indictment and had committed every act alleged in the indictment, is sufficient evidence to support his guilty plea. *See Menefee*, 287 S.W.3d at 13; *see also Dinnery*, 592 S.W.2d at 353; *Chindaphone*, 241 S.W.3d

4

at 220. Issue One is overruled.

In Issue Two, Appellant complains that the fact that he took responsibility for his crime by judicially confessing to the charged offense was a mitigating factor that the trial court should have considered in calculating an appropriate sentence. In Appellant's view, his fifteen-year sentence is disproportionate to that of the shooter, is excessive, and shocks "the sense of humankind and constitutes cruel and unusual punishment prohibited by the United States and Texas Constitutions" given Appellant's status as a non-shooter and his judicial confession.

The State replies that Appellant has failed to preserve this issue for our review. An appellant must present his disproportionate sentence complaint at the time sentence is imposed or by a timely filed motion for new trial. *See* TEX. R. APP. P. 33.1(a) (to preserve a complaint for appellate review, record must show Appellant presented to the trial court, in compliance with applicable rules of procedure, a timely request, objection, or motion stating with sufficient specificity the grounds for the ruling sought from the trial court, unless the specific grounds were apparent from the context, and obtained the trial court's ruling or objected to the trial court's refusal to rule thereon); *Mullins v. State*, 208 S.W.3d 469, 470, n.2 (Tex.App. – Texarkana 2006, no pet.). Appellant failed to lodge objections to his sentence in the trial court. However, in his motion for new trial, Appellant asserted that his sentence is disproportionate to his acts and amounts to cruel and unusual punishment under the United States and Texas Constitutions. A motion for new trial is an appropriate way to preserve a contention that the sentence was disproportionate to the offense. *See Mullins*, 208 S.W.3d at 470 n.2; *Williamson v. State,* 175 S.W.3d 522, 523–24 (Tex.App. – Texarkana 2005, no pet.). Appellant presented his motion for new trial to the trial court. We therefore conclude that Appellant has preserved this issue for our

review.

Sentencing is within the discretion of the trial court. *Jackson v. State*, 680 S.W.2d 809, 814 (Tex.Crim.App. 1984). The Eighth Amendment prohibits cruel and unusual punishment. U.S. CONST. AMEND VIII. *Graham v. Florida,* 560 U.S. 48, 58-59, 130 S.Ct. 2011, 2021, 176 L.Ed.2d 825 (2010). In addition to prohibiting inherently barbaric punishment, the Eighth Amendment requires that punishment for crime be graduated and proportioned to the offense. *Graham,* 130 S.Ct. at 2021. Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *Mullins,* 208 S.W.3d at 470, *citing Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); *see also Dale v. State,* 170 S.W.3d 797, 799 (Tex.App. – Fort Worth 2005, no pet.) (generally, punishment assessed within the statutory limits is not excessive, cruel, or unusual punishment under either the Eighth Amendment or under article I, section 13 of the Texas Constitution), *citing Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App. 1973); *Atchison v. State,* 124 S.W.3d 755, 760 (Tex.App. – Austin 2003, pet. ref'd) ("Article I, section 13 is not violated when . . . the punishment assessed is within the limits prescribed by statute.").

Subject only to a very limited, "exceedingly rare," and somewhat amorphous Eighth Amendment gross disproportionality review, a punishment that falls within the legislatively prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal. *See Ex parte Chavez,* 213 S.W.3d 320, 323–24 (Tex.Crim.App. 2006). That a sentence falls within the applicable range of punishment is not dispositive, however, because a sentence which falls within the statutory range may still run afoul of the Eighth Amendment's prohibition against grossly disproportionate punishment. *See Mullins,* 208 S.W.3d

6

at 470.

When examining whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime, we employ the approach utilized by the Supreme Court in *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). *See Graham,* 130 S.Ct. at 2022 (stating that *Harmelin's* approach is suited for considering a gross proportionality challenge). Under that analysis, an appellate court begins by making an objective comparison of the gravity of the offense with the severity of the sentence. *Graham,* 130 S.Ct. at 2022; *Harmelin,* 501 U.S. at 1005, 111 S.Ct. at 2707 (opinion of Kennedy, J.); *Mullins,* 208 S.W.3d at 470. If that threshold comparison leads to an inference of gross disproportionality, the court should then compare the defendant's sentence: (1) with the sentences imposed in other crimes in the same jurisdiction; and (2) with the sentences imposed for the same crime in other jurisdictions. *Graham,* 130 S.Ct. at 2022; *Harmelin,* 501 U.S. at 1005, 111 S.Ct. at 2707 (opinion of Kennedy, J.); *Mullins,* 208 S.W.3d at 470.

Appellant was charged with and convicted of attempted capital murder, a first-degree felony bearing a range of a punishment of imprisonment for life or any term of not more than ninety-nine years or less than five years, and a possible fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.31, 12.32(a)(b), 15.01(d) (West 2011). The trial court sentenced Appellant within the range of punishment and, before imposing Appellant's sentence, first considered that Appellant's "shooter" co-defendant had been sentenced to confinement for twenty years. The trial court sentenced Appellant, the non-shooter in this case, to a sentence within the range of punishment that was five years less than the twenty-year sentence imposed on Appellant's co-defendant.

7

Appellant's punishment was well within the legislatively prescribed limits, and our review of the record does not persuade us that Appellant's sentence is otherwise grossly disproportional to the gravity of the offense of which he was found guilty. *See Moore v. State*, 54 S.W.3d 529, 541–42 (Tex.App. – Fort Worth 2001, pet. ref'd). Appellant has failed to show that his sentence was constitutionally disproportionate to the offense for which he was convicted. Issue Two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

April 16, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)