**BAYLOR COLLEGE OF MEDICINE, Francis Joseph Welsh, M.D., Haleema Latifi, M.D., Fareed Khan, M.D., and Nageeb Abdalla, M.D., Appellants,**

v.

**Maria HERNANDEZ, Individually, as Executrix of the Estate of Francisco Hernandez, and as Friend of Ruby Hernandez and Norma Hernandez, and Frank Hernandez, Marcos Hernandez, and Eric Hernandez, Appellees.**

No. 14–05–00976–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 27, 2006.

Rehearing Overruled Oct. 26, 2006.

---

Marion Woodrow Kruse, Jr., Judith Brown Street, Houston, for appellants.

Michael Sydow, Houston, for appellees.

Panel consists of Chief Justice HEDGES and Justices YATES and GUZMAN.

## OPINION

EVA M. GUZMAN, Justice.

In this medical malpractice case, the defendant medical school and four treating physicians appeal the denial of their plea to the jurisdiction and motion for summary judgment. Because we lack jurisdiction to decide an interlocutory appeal of the issues presented, we dismiss.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Francisco Hernandez ("Francisco") was treated by doctors affiliated with Baylor College of Medicine ("Baylor") from August 19, 2001 through September 12, 2001 for a work-related injury to his right leg. He died on September 21, 2001, and on May 30, 2003, Maria Hernandez ("Maria") brought suit against Baylor and treating physicians Fareed Khan, Nageeb Abdalla, Haleema Latifi, and Francis Joseph Welsh (collectively, "the Physicians") on behalf of Francisco's estate and survivors. Baylor and the Physicians filed motions to dismiss and for summary judgment asserting (a) immunity from suit due to Maria's alleged failure to provide Baylor and the Physicians notice of the claims pursuant to section 101.101(a) of the Civil Practice and Remedies Code, and (b) immunity from liability pursuant to section 312.006(a) of the Health and Safety Code. The trial court denied both motions, and this appeal ensued.[1]

## II. JURISDICTION TO CONSIDER INTERLOCUTORY APPEAL

This court has jurisdiction to hear interlocutory appeals only as authorized by statute. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex.2001). Even when the parties do not challenge appellate jurisdiction, we must inquire into our jurisdiction to consider an appeal. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex.2004). Baylor and the Physicians appeal the denial of their motion to dismiss pursuant to section 51.014(a)(8) of the Civil Practice and Remedies Code and the denial of their motion for summary judgment pursuant to section 51.014(a)(5). Because section 51.014 is a narrow exception to the general rule that only final judgments and orders are appealable, we strictly construe it. *Bally Total Fitness*, 53 S.W.3d at 355.

### A. Section 51.014(a)(8): Plea to the Jurisdiction by a Governmental Unit

Section 51.014(a)(8) permits an appeal from an order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2005). A party cannot take an interlocu-

---

1. According to appellants' statement of jurisdiction, they appeal the trial court's order of August 17, 2005 denying their motion for summary judgment and their "plea to the jurisdiction." The "plea to the jurisdiction" cited by appellants could refer to one or more of several documents. Appellants' answer to Maria's eighth amended petition contains a section entitled, "plea to the jurisdiction." In addition, appellants' "Motion to Dismiss for Lack of Jurisdiction" is in substance a plea to the jurisdiction, and their motion for summary judgment contains jurisdictional arguments as well. The court's order of August 17, 2005 ruled only on the motion to dismiss and the motion for summary judgment, and not on the plea to the jurisdiction contained in appellants' answer. Thus, our discussion of appellants' "plea to the jurisdiction" refers to the plea as presented and argued in appellants' motion to dismiss and their motion for summary judgment, and not the "plea to the jurisdiction" asserted in appellants' answer to Maria's eighth amended petition. The latter plea was not ruled upon by the trial court, or briefed on appeal. Moreover, Maria subsequently amended her petition a ninth time, and appellants' answer to that petition is not included in the record.

tory appeal from the denial of a plea to the jurisdiction unless the plea raises an issue that can deprive the trial court of jurisdiction. *See Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex.2004). Moreover, an interlocutory appeal is not available if the plea to the jurisdiction was not made by a "governmental unit." *See Tex. A & M Univ. Sys. v. Koseoglu*, 167 S.W.3d 374, 377–79 (Tex.App.-Waco 2005, pet. granted); *Mobil Oil Corp. v. Shores*, 128 S.W.3d 718, 721 (Tex.App.-Fort Worth 2004, no pet.); *Perry v. Del Rio*, 53 S.W.3d 818, 821 (Tex.App.-Austin 2001), *pet. dism'd*, 66 S.W.3d 239, 264 (Tex.2001). Thus, to determine the extent to which we have jurisdiction to hear an interlocutory appeal of a plea to the jurisdiction, we must determine whether the issues presented are jurisdictional and whether the plea is made by a statutorily-defined "governmental unit."

### 1. Lack of Notice

■ Baylor and the Physicians based both their motion to dismiss and their motion for summary judgment in part on Maria's alleged failure to notify them of her claims pursuant to section 101.101 of the Civil Practice and Remedies Code.[2] This section states in pertinent part:

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred.

(c) The notice requirements ... do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

Tex. Civ. Prac. & Rem.Code Ann. § 101.101 (Vernon 2005). Baylor and the Physicians contend they are "governmental units" and argue that Maria's alleged failure to comply with this statute bars her suit.

■ We do not reach the question of whether notice was required or given, because lack of notice pursuant to section 101.101 would not deprive the trial court of jurisdiction over this action. *See Univ. of Tex. Southwestern Med. Ctr. at Dallas v. Loutzenhiser*, 140 S.W.3d 351, 362 (Tex. 2004) ("[T]he failure to give notice of a claim as required by section 101.101 does not deprive a court of subject matter jurisdiction over an action on the claim.").[3] Because lack of notice is not jurisdictional in this case, we are not authorized to consider the interlocutory appeal of appellants' plea to the jurisdiction on this basis. *See Simons*, 140 S.W.3d at 339. To the extent the appeal of the motions to dismiss

---

2. More precisely, Baylor and the Physicians argue that failure to give notice pursuant to section 101.191(a) of the Civil Practice and Remedies Code bars all Maria's claims. The Civil Practice and Remedies Code contains no section 101.191, and we assume Baylor and the Physicians intended to refer to section 101.101, to which they refer on appeal, and which contains language identical to that quoted in their motions.

3. The legislature has recently amended section 311.034 of the Texas Government Code to provide that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional," thereby legislatively overruling *Loutzenhiser*. *See* Tex. Gov't Code Ann. § 311.034 (Vernon Supp.2005). However, the amended version of section 311.034 did not become effective until September 1, 2005, more than two years after this suit was filed. *See* Act of May 23, 2001, 77th Leg., R.S., ch. 1158, § 8, 2001 Tex. Gen. Laws 2570, 2572, *amended by* Act of May 25, 2005, 79th Leg., R.S., ch. 1150, § 1, 2005 Tex. Gen. Laws 3783, 3783; *see also* Tex. Gov't Code Ann. § 311.022 (Vernon 2005) ("A statute is presumed to be prospective in its operation unless expressly made retrospective.").

and for summary judgment[4] are based on the alleged failure to give notice of the claim as described in section 101.101, we lack jurisdiction to review the trial court's order.

### 2. Immunity from Liability

■ To determine our jurisdiction to hear an interlocutory appeal of a plea to the jurisdiction, we also must distinguish between assertions of immunity from suit, for which an interlocutory appeal will lie, and assertions of immunity from liability, for which no interlocutory appeal is available. *See Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 244 (Tex. 2004).

■ In their motions to dismiss and for summary judgment, Baylor and the Physicians argue they are immune from liability pursuant to section 312.006(a) of the Health and Safety Code,[5] which states:

A medical and dental unit, supported medical or dental school, or coordinating entity engaged in coordinated or cooperative medical or dental clinical education under Section 312.004, including patient care and the provision or performance of health or dental services or research at a public hospital, is not liable for its acts and omissions in connection with those activities except to the extent and up to the maximum amount of liability of state government under Section 101.023(a), Civil Practice and Remedies Code, for the acts and omissions of a governmental unit of state government under Chapter 101, Civil Practice and Remedies Code.

Tex. Health & Safety Code Ann. § 312.006(a) (Vernon 2001).

■ Under section § 101.023(a) of the Civil Practice and Remedies Code, the state's liability for the acts and omissions of a governmental unit is limited to $250,000 for each person, $500,000 for each single occurrence for bodily injury or death, and $100,000 for each single occurrence for injury to or destruction of property. Tex. Civ. Prac. & Rem.Code Ann. § 101.023(a) (Vernon 2005). Simply stated, it is a damages cap statute. *See Kerrville State Hosp. v. Fernandez,* 28 S.W.3d 1, 9 (Tex.2000) (describing sections 101.023–.024 as "placing caps on actual damages and prohibiting punitive damages."); *see also* Tex. Gov't Code Ann. § 312.002(a) (Vernon 2005) (with certain exceptions not presented here, words used in statutes "shall be given their ordinary meaning."). By importing the damage caps of section 101.023(a), the Health and Safety Code limits the damages for which a supported medical school is liable. *See*

---

4. Although appellants discuss their plea to the jurisdiction only as it pertains to their motion to dismiss, the same arguments are presented in their motion for summary judgment. A jurisdictional plea may be asserted in a motion for summary judgment. *See Thomas v. Long,* 207 S.W.3d 334 (Tex.2006). Thus, our conclusion that we lack jurisdiction to review the alleged lack of notice applies to the plea to the jurisdiction in both motions.

5. As the text of appellants' motions and briefs make clear, Baylor and the Physicians interpret section 312.006 of the Health and Safety Code to confer immunity from liability on each of them and base their claims of immunity on this section and on the alleged lack of notice. Although appellants' motion to dismiss also contains the conclusory statement that Baylor and the Physicians are immune from both liability and suit pursuant to "Tex. Health & Safety Code Section 312 *et seq.*, Tex. Civ. Prac. & Rem.Code Section 101 *et seq.*, and Tex. Educ.Code Section 61 *et seq.*," the appellants repeatedly state that section 312.006(a) confers immunity from liability and present neither argument nor authority supporting their claim that any specific section of the globally-cited codes renders them immune from suit. To the extent that such an issue has been raised, it is waived pursuant to Tex. R.App. P. 33.1(a)(1)(A) and 38.1(h).

Tex. Health & Safety Code Ann. § 312.006(a). The plain language of neither statute purports to grant immunity from suit to a supported medical school or to its residents, faculty, or employees. Nevertheless, this is the interpretation appellants urge us to adopt. We are unable to do so. "If the statutory text is unambiguous, a court must adopt the interpretation supported by the statute's plain language unless that interpretation would lead to absurd results." *Tex. Dept. of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 177 (Tex. 2004). Appellants do not argue, nor do we conclude, that "absurd results" would follow from reading section 312.006(a) as simply importing the damages caps of section 101.023(a). Moreover, "[w]hen a statute is clear and unambiguous, courts need not resort to rules of construction or extrinsic aids to construe it, but should give the statute its common meaning." *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex.1997). A damages cap limits damages but does not imply immunity from suit. To the contrary, damages caps such as section 101.023 that "insulate public resources from the reach of judgment creditors" indicate immunity from suit has been waived. *See Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 698 (Tex. 2003). Finally, appellants have cited no case holding that section 312.006(a) or section 101.023(a) grants immunity from suit. *See* TEX.R.APP. P. 38.1(h).

Because section 312.006(a) does not prevent suit, it cannot deprive the trial court of subject matter jurisdiction, and the rulings on the plea to the jurisdiction based on this section are not subject to an interlocutory appeal. Accordingly, we dismiss

the appeal of the trial court's denial of appellants' plea to the jurisdiction.

**B. Section 51.014(a)(5): Denial of Summary Judgment Based on Official Immunity**

 Baylor and the Physicians appeal the denial of their motion for summary judgment pursuant to section 51.014(a)(5) of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp.2005). Under this provision, a "person" may appeal from an interlocutory order of a district court denying "a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." [6] *Id.* "Immunity" as used in this section refers to "official immunity." *See City of Houston v. Kilburn*, 849 S.W.2d 810, 812 n. 1 (Tex.1993). Official immunity is a common law affirmative defense rendering individual officials immune from both liability and suit. *See Kassen v. Hatley*, 887 S.W.2d 4, 8–9 (Tex. 1994) (official immunity is a common law affirmative defense); *DeWitt v. Harris County*, 904 S.W.2d 650, 653 (Tex.1995) (discussing immunity from liability); *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 422 (Tex.2004) (discussing immunity from suit). Although official immunity applies only to individuals, an agency or institution may be shielded from respondeat superior liability for its employee's negligence if the employee possesses official immunity. *See DeWitt*, 904 S.W.2d at 654. As a result, a motion for summary judgment by the employer of the putative official may be "based on an assertion" of official immunity for the purposes of determining whether an interlocu-

---

**6.** In this context, the term "person" includes governmental entities. *City of Houston v. Kil-* *burn*, 849 S.W.2d 810, 811 (Tex.1993).

tory appeal is available, even though the employer may not qualify for official immunity.

Because official immunity is an affirmative defense, the party asserting it must plead and prove all of its elements. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). Government employees are entitled to official immunity from suit arising from the performance of their (1) discretionary duties in (2) good faith as long as they are (3) acting within the scope of their authority. *Id.* Thus, a motion for summary judgment asserting official immunity will expressly list official immunity as a ground for judgment, or will move for summary judgment on the basis that the plaintiff's claims arise from the good faith performance of an official's discretionary duties within the scope of his authority— the elements of official immunity. *See* Tex.R. Civ. P. 166a(c) ("The motion for summary judgment shall state the specific grounds therefor."); *see also Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex.1995) (stating that a defendant "who conclusively establishes all of the elements of an affirmative defense is entitled to summary judgment.").[7]

In their motion, appellants do not claim official immunity, nor do appellants allege or offer evidence that any Physician's treatment of Francisco constituted the good faith performance of an official's discretionary duties within the scope of his authority—the essential elements of official immunity. Instead, appellants claim they are "statutorily immune from liabili-

ty" under TEX. HEALTH & SAFETY CODE ANN. § 312.006(a) (Vernon 2001) and Tex. Civ. Prac. & Rem.Code Ann. § 101.101 (Vernon 2005). These are the same damages cap and notice provisions on which appellants based their plea to the jurisdiction. As previously discussed, neither statute confers immunity. Moreover, neither statute applies to individuals. By the terms of the statutes, section 312.006(a) applies under certain conditions to a "medical and dental unit, supported medical or dental school, or coordinating entity," while section 101.101 applies only to "governmental units." *See Smith v. City of Houston,* 960 S.W.2d 326, 328 (Tex.App.-Houston [14th Dist.] 1997, no writ) (holding that the notice requirements of section 101.101 do not apply to employees because they are not "governmental units."). Appellants do not contend that the Physicians fall within the statutory definitions of any of these terms, nor do we find this to be the case. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 312.002(3) and (6) (Vernon Supp.2005) (defining "coordinating entity" and "supported medical or dental school"); Tex. Educ.Code Ann. § 61.003(5) (Vernon 2006) (defining "medical and dental unit"); Tex. Civ. Prac. & Rem.Code Ann. § 101.001(3) (Vernon 2005) (defining "governmental unit").

Because appellants' motion for summary judgment is not based on the assertion of official immunity, section 51.014(a)(5) does not authorize us to consider the interlocutory appeal of the order denying the motion.[8] *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon Supp.2005).

7. We do not imply that the words "official immunity" are mandatory to bring the appeal within our jurisdiction. "Official immunity," "qualified immunity," "quasi-judicial immunity," "discretionary immunity," and "good faith immunity" are all terms used interchangeably to refer to the same affirmative defense available to governmental employees sued in their individual capacities. *Kilburn,*

849 S.W.2d at 812 n. 1. We have jurisdiction to consider an interlocutory appeal of a motion for summary judgment based on an official's assertion of the elements of official immunity, regardless of the specific term used to refer to "official immunity."

8. Maria additionally contends appellants have not shown Baylor was a supported medical school for the purposes of conferring official

### III. CONCLUSION

Because section 51.014 of the Civil Practice and Remedies Code does not confer this court with jurisdiction to decide any of the issues presented on interlocutory appeal, the appeal is dismissed.

immunity on the Physicians because appellants failed to show Baylor was a supported medical school at the time the Physicians allegedly failed to properly treat Francisco. According to Maria, the facility where the alleged malpractice occurred has not been shown to be included in an agreement between Baylor and a "coordinating entity," and such an agreement is required for Baylor to be treated as a "state agency." *See* Tex. Health & Safety Code Ann. § 312.003 (Vernon 2001). In addition, Maria contends Baylor was not under contract with the Texas Higher Education Coordinating Board at the time the alleged malpractice occurred, and this is also a requirement for Baylor to achieve "state agency" status. *See* Tex. Health & Safety Code Ann. § 312.002(6) (Vernon Supp.2005). Because appellants' motion for summary judgment is not based on the assertion of official immunity regardless of Baylor's status, we do not reach this argument.