Dismissed and Opinion filed May 21, 2009








Dismissed and Opinion filed May 21, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00910-CV

____________

 

WILLIAM MARSH RICE UNIVERSITY, Appellant

 

V.

 

REGINALD CHARLES COLEMAN, Appellee

 



 

On Appeal from the 127th
District Court

Harris County, Texas

Trial Court Cause No. 2007-43651

 



 

O P I N I O N

William Marsh Rice University (ARice@) attempts to
appeal the denial of its motion for summary judgment.  In a single issue, Rice
challenges the trial court=s ruling that fact issues were raised as
to its immunity from suit and liability for Coleman=s claims based on
conduct by Rice Police Department officers.  Coleman filed a motion to dismiss
alleging this court has no jurisdiction to consider Rice=s interlocutory
appeal.  Because we find we lack jurisdiction over the interlocutory appeal, we
dismiss for want of jurisdiction.








Background

On January 19, 2007, Lieutenant Dianna Marshal and Officer
Jared Goldman of the Rice University Police Department (ARUPD@), arrested
Coleman for theft.  Coleman was a Rice employee in the Facilities, Engineering
and Planning (AFE&P@) department at
the time of his arrest.  As an FE&P employee, Coleman=s job duties
included moving university property around campus, and occasionally, off
campus.  A fellow FE&P employee Atipped@ RUPD officers
that Coleman had stolen a large aluminum table top and sold it to a scrap metal
dealer.  After his arrest, Coleman=s supervisor, Mike
Polk, gave a statement to the Harris County District Attorney=s office
explaining that Coleman was operating under a valid work order when he removed
the table.  After receiving Polk=s statement, the
district attorney dismissed the theft charges.  Prior to the charges being
dropped, Coleman resigned from Rice in lieu of termination.

Coleman filed suit against Rice based on Lieutenant
Marshall=s and Officer
Goldman=s actions.  He
asserted causes of action for defamation, intentional infliction of emotional
distress, false imprisonment, malicious prosecution, invasion of privacy, and
negligent hiring.  Rice filed a motion for summary judgment alleging, inter
alia, that it was immune from liability because its officers were immune.  The
trial court granted Rice=s motion with regard to Coleman=s negligent
hiring, negligent retention, negligent supervision, and negligent training
causes of action.  The court denied Rice=s motion as to all
other causes of action and Rice=s affirmative defenses, including official
immunity.  Rice now attempts to appeal the trial court=s denial of its
motion for summary judgment based on official immunity.

Jurisdiction








As a general rule, an appellate court does not have
jurisdiction to hear denied motions for summary judgment on appeal.  Ackermann
v. Vordenbaum, 403 S.W.2d 362, 365 (Tex. 1966); Highlands MGMT. Co. v.
First Interstate Bank of Tex., N.A., 956 S.W.2d 749, 752 (Tex. App.CHouston [14th
Dist.] 1997, pet. denied).  The legislature created an exception to this
general rule for officers or employees of the state or a political subdivision
of the state.  Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)(5)
(Vernon 2008).  Under section 51.014(a)(5) a person may appeal from an
interlocutory order of a district court denying a motion for summary judgment
that is based on an assertion of immunity by an individual who is an officer or
employee of the state or a political subdivision of the state.  Id.  AImmunity@ as used in this
section refers to Aofficial immunity.@  City of
Houston v. Kilburn, 849 S.W.2d 810, 812 (Tex. 1993); Baylor College of
Medicine v. Hernandez, 208 S.W.3d 4, 10 (Tex. App.CHouston [14th
Dist.] 2006, pet. denied).  Official immunity is an affirmative defense
rendering individual officials immune from liability.  Kassen v. Hatley,
887 S.W.2d 4, 8B9 (Tex. 1994).  Although official immunity
applies only to individuals, an agency or institution may be shielded from
respondeat superior liability for its employee=s negligence if
the employee has official immunity.  DeWitt v. Harris County, 904 S.W.2d
650, 654 (Tex. 1995).  As a result, a motion for summary judgment by the
employer of the official may be based on an assertion of official immunity for
purposes of determining whether an interlocutory appeal is permissible.  

Rice moved for summary judgment based on section 51.212 of
the Education Code, which provides that peace officers commissioned by private
institutions are vested with Aall the powers, privileges, and immunities
of peace officers.@  Tex. Educ. Code Ann. ' 51.212(b) (Vernon
Supp. 2008).  Peace officers are entitled to official immunity arising from the
performance of (1) a discretionary act (2) performed in good faith (3) within
the scope of the officer=s authority.  Ballantyne v. Champion
Builders, 144 S.W.3d 417, 424 (Tex. 2004).  The trial court determined that
fact issues existed with regard to at least one of the elements required to
maintain official immunity. 








Coleman filed a motion to dismiss Rice=s appeal arguing
that the legislature does not permit a private institution to bring an
interlocutory appeal of the denial of a motion for summary judgment based on
official immunity.  Interlocutory orders are not appealable unless explicitly
made so by statute.  Stary v. DeBord, 967 S.W.2d 352, 352B53 (Tex. 1998). 
This court must strictly construe statutes authorizing interlocutory appeals.  Bally
Total Fitness Corp. v. Jackson, 53 S.W.3d 352, 355 (Tex. 2001) (legislature=s intent was that
section 51.014 be strictly construed as a Anarrow exception
to the general rule that only final judgments and orders are appealable.@).  Rice asserts
this court has jurisdiction to hear its interlocutory appeal under section
51.014(a)(5) of the Civil Practice and Remedies Code, which provides that a
person may appeal an interlocutory order of a district court that Adenies a motion
for summary judgment that is based on an assertion of immunity by an individual
who is an officer or employee of the state or a political subdivision of the
state.@  Tex. Civ. Prac.
and Rem. Code Ann. '51.014 (a)(5).  Rice admits it is not a
state agency, nor a political subdivision of the state, but argues that by
granting the same immunities to RUPD officers as are granted to the police
officers employed by the state, the legislature has Ade facto placed
Rice in the same role as the city of Houston in relation to the police officers
it employs.@  In other words, Rice argues it is Ain effect a proxy
for a state or local agency.@

The Texas Supreme Court has held that Athe words of
Section 51.014(a)(5) offer no indication or suggestion that it applies to any
entity other than a state official, the only entity which it describes.@  Texas A&M
University Sys. v. Koseoglu, 233 S.W.3d 835, 843 (Tex. 2007).  Section
51.014(a)(5) does not permit an institution to bring an interlocutory appeal as
a Aproxy for a state
or local agency.@  Because Rice is asserting the
affirmative defense of official immunity on behalf of its employees who are not
employees of the state or a political subdivision of the state, the legislature
has not provided an avenue for Rice to bring an interlocutory appeal of the
trial court=s order.








Rice nevertheless argues that it should be permitted to
pursue an interlocutory appeal for the same reasons this court permitted Baylor
College of Medicine to pursue an interlocutory appeal in  Hernandez, 208
S.W.3d at 10, and Young v. Villegas, 231 S.W.3d 1, 7B8 (Tex. App.
Houston [14th Dist.] 2007, pet. denied).  Those cases are distinguishable,
however, in that the Health and Safety Code specifically addresses medical
schools and defines them as state agencies.  Therefore, Baylor College of
Medicine is permitted to pursue an interlocutory appeal under section
51.014(a)(5) asserting official immunity of its employees.  See Tex.
Health & Safety Code Ann. ' 312.007(a) (Vernon 2001) (providing that
a medical and dental unit, supported medical or dental school, or coordinating
entity is a state agency).

Accordingly, because Rice is not a state agency, section
51.014(a)(5) does not authorize Rice=s interlocutory
appeal of the denial of its motion for summary judgment.  We dismiss Rice=s appeal for want
of jurisdiction.

 

 

 

 

 

/s/      John S. Anderson

Justice

 

 

 

 

Panel consists of Chief Justice Hedges and
Justices Anderson and Seymore.