**Affirmed and Memorandum Opinion filed January 7, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00722-CV

---

## CHRISTOPHER D. EUSTICE, Appellant

## V.

## TIMOTHY C. POWERS, Appellee

---

**On Appeal from the County Civil Court at Law No. 2
Harris County, Texas
Trial Court Cause No. 1113102**

---

## M E M O R A N D U M   O P I N I O N

After Texas A & M University's Aggie Honor System Office (AHSO) determined that student Christopher D. Eustice should be suspended for two years for plagiarism, Eustice sued AHSO's director Timothy C. Powers. Eustice's claims were dismissed with prejudice by the justice court and by the county civil court at law to which Eustice appealed. He now challenges only the dismissal of his contract claims against Powers in Powers's official and individual capacities. We conclude that (1) sovereign immunity bars Eustice's contract claims against Powers in his

official capacity, and (2) Eustice has waived his challenge to the dismissal of his contract claims against Powers in Powers's individual capacity. Thus, we affirm the challenged part of the trial court's judgment.

## I. BACKGROUND

According to Eustice, Texas A & M University determined in the fall of 2013 that he committed an act of academic misconduct by stealing and printing a copy of an exam to facilitate cheating. He was given a failing grade in the course. In a separate incident in the fall of 2014, a different professor reported Eustice to AHSO for plagiarism. After an investigation, hearing, and appeal before AHSO, the University gave Eustice a failing grade in that course as well and suspended him for two years. Eustice completed his education in another state. He sued the University and its president in federal court for claims arising from the AHSO's determinations of academic misconduct, and those claims were dismissed with prejudice.

Based on the same facts, Eustice sued AHSO's director Timothy C. Powers in a justice court for defamation per se, breach of an oral contract for a service lasting not more than a year, breach of written contract, violations of Chapter 21 of the Texas Labor Code, violations of the Americans with Disabilities Act of 1990, violations of the Rehabilitation Act of 1973, fraud, and personal injury. Powers filed a combined sworn motion for summary disposition and plea to the jurisdiction, which the justice court granted, dismissing Eustice's claims with prejudice.

In Eustice's appeal by trial de novo in the county civil court at law, Powers filed a document styled as a plea to the jurisdiction in which he sought dismissal of Eustice's claims against him. Among other grounds, Powers argued that sovereign immunity applied to the claims against him in his official capacity, and that official immunity applied to the claims against him in his individual capacity. After

considering the plea and Eustice's response, the trial court granted the plea and dismissed all of Eustice's claims with prejudice. Eustice now appeals that judgment.

Eustice's amended appellate brief does not contain a statement of the issues presented on appeal;[1] under "Issues Presented," he merely states that he sued Powers in the latter's official and individual capacities under certain legal theories, which Eustice lists. In the body of his brief, however, Eustice argues that the trial court erred in dismissing his claims that Powers, in his official and individual capacities, breached an oral or written contract with Eustice. Because no other claims have been briefed, we understand Eustice to appeal only the dismissal of his contract claims.

## II. STANDARD OF REVIEW

We review de novo the trial court's grant of a plea to the jurisdiction. *See Chambers-Liberty Ctys. Navigation Dist. v. State*, 575 S.W.3d 339, 345 (Tex. 2019). We first look to the pleadings to determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings. *Id*. If the issue is one of pleading sufficiency, the plaintiff should be afforded the opportunity to amend unless the pleadings affirmatively negate jurisdiction. *Id*. at 227.

A defendant also may challenge the plaintiff's factual allegations with supporting evidence. *See Sampson v. Univ. of Tex. at Austin*, 500 S.W.3d 380, 384 (Tex. 2016). The standard of review mirrors that of a summary judgment. *Id*. "[I]f the relevant evidence is undisputed or fails to raise a fact question on the

---

[1] We struck his original appellate brief for failure to substantially comply with the Texas Rules of Appellate Procedure.

jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law." *Miranda*, 133 S.W.3d at 228. But "[i]f the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact finder." *Id.* at 227–28.

### III. SOVEREIGN IMMUNITY FROM THE CONTRACT CLAIMS AGAINST POWERS IN HIS OFFICIAL CAPACITY

In his plea to the jurisdiction, Powers asserted that sovereign immunity bars Eustice's contract claims against him in his official capacity. Unless waived, sovereign immunity protects the State of Texas and its agencies from suit and liability. *Chambers-Liberty Ctys. Navigation Dist.*, 575 S.W.3d at 344. Sovereign immunity extends to the State's officials because a suit against a State officer or employee in that person's official capacity is a suit against the State; the State is the real party in interest and is vicariously liable for the official's actions within the scope of that person's employment. *See, e.g.*, *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 844 (Tex. 2007).

By entering into a contract, a governmental entity waives immunity from liability, but it does not waive immunity from suit. *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Thus, to maintain a breach-of-contract claim against the State, whether directly or by suing an official or employee, a claimant must show that the legislature has waived sovereign immunity from suit on the contract. *See Gen. Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 597 (Tex. 2001) ("[T]here is but one route to the courthouse for breach-of-contract claims against the State, and that route is through the Legislature."). Here, however, none of the waiver statutes on which Eustice relies apply to his contract claims against Powers in Powers's official capacity.

4

**A. No Waiver Under Texas Local Government Code Section 271.152**

Eustice's primary argument is that Texas Local Government Code section 271.152 waives sovereign immunity from suit on his breach-of-contract claims. Under that provision, a "local governmental agency" that is authorized to, and does, enter into a "contract subject to this subchapter" (i.e., Chapter 271, Subchapter I, of the Texas Local Government Code) waives immunity from suit for breach of the contract. TEX. LOC. GOV'T CODE ANN. § 271.152. But the definitions of "local governmental agency" and "contract subject to this subchapter" preclude the statute's application to Eustice's contract claims against Powers.

As Eustice acknowledges in his brief, "local governmental entity" refers to "a political subdivision of this state, *other than* a county or *a unit of state government*, as that term is defined by Section 2260.001" of the Texas Government Code. *Id.* § 271.151 (emphasis added). Section 2260.001 defines a "unit of state government" to include "a university system or institution of higher education." TEX. GOV'T CODE ANN. § 2260.001(4). Texas A & M University is an institution of higher education. *See* TEX. EDUC. CODE ANN. § 86.02. It therefore is a "unit of state government" rather than a "local governmental entity" as that term is used in section 271.152 of the Texas Local Government Code. Because the University is not a "local government entity," section 271.152 does not waive the University's sovereign immunity from suit.

**B. No Waiver Under Authorities Applicable Only to Municipalities**

Eustice also cites some authorities that are specific to a municipality's governmental immunity.[2] For example, governmental immunity from suit does not

---

[2] The difference between sovereign and governmental immunity is that "[s]overeign immunity protects the State of Texas and its agencies from suit and liability, whereas governmental immunity provides similar protections to the State's political subdivisions." *Chambers-Liberty Ctys. Navigation Dist.*, 575 S.W.3d at 344.

apply to tort claims arising from a municipality's performance of "proprietary," as opposed to "governmental," functions. *See Tooke*, 197 S.W.3d at 343.

But the University is a state agency, not a municipality. Unlike municipalities, state agencies do not perform proprietary functions; all of their actions are considered governmental. *See Daniels v. Univ. of Tex. Health Sci. Ctr.*, No. 01-03-00997-CV, 2004 WL 2613282, at *5 (Tex. App.—Houston [1st Dist.] Nov. 18, 2004, no pet.) (mem. op.) (citing *Delaney v. Univ. of Hous.*, 792 S.W.2d 733, 736 (Tex. App.—Houston [14th Dist.] 1990), *rev'd on other grounds*, 835 S.W.2d 56 (Tex. 1992)). And although Eustice also cites a statute in which the legislature waived municipalities' immunity from liability for certain governmental functions, that statute, too, applies only to municipalities. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.0215. Thus, the cited authorities do not apply to Eustice's claims against Powers.

We conclude that sovereign immunity bars Eustice from maintaining his breach-of-contract claims against Powers in Powers's official capacity. Eustice's pleading cannot be amended to bring those claims within a waiver of sovereign immunity, nor does he contend otherwise. Thus, we affirm the portion of the judgment dismissing those claims.

### IV. OFFICIAL IMMUNITY FROM THE CONTRACT CLAIMS AGAINST POWERS IN HIS INDIVIDUAL CAPACITY

Public employees sued in their individual capacities may assert official immunity from claims arising from their performance of discretionary duties within the scope of their authority if they acted in good faith. *See Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 422 (Tex. 2004); *City of Lancaster v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994); *Baylor Coll. of Med. v. Hernandez*, 208 S.W.3d 4, 10–11 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). Unlike sovereign

immunity, official immunity is an affirmative defense which must be pleaded and proved by the party asserting it. *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 128 (Tex. 2015); *Koseoglu*, 233 S.W.3d at 843.[3] After the official has established each of the elements of official immunity, the burden shifts to the respondent to produce evidence raising a genuine issue of material fact. *Miranda*, 133 S.W.3d at 228.

Eustice does not challenge the sufficiency of Powers's evidence, but instead asserts that he, Eustice, "has clearly submitted and identified evidence in the record that raises a genuine issue of material fact." Eustice twice states, "Timothy C. Powers was not performing discretionary acts in good faith. Timothy C. Powers was performing administrative acts in bad faith." He also adds that, "A reasonably prudent official, under the same or similar circumstances, could not have believed that Timothy C. Powers['s] conduct was justified based on the information at the time of the act."

But although required to do so, Eustice provides no substantive analysis and cites no evidence in support of these conclusory assertions. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). As we previously have explained, "The burden is on an appellant to demonstrate that the record

---

[3] A governmental employee may simultaneously file a plea to the jurisdiction on the ground of sovereign immunity and move for summary judgment on the ground of official immunity. *Koseoglu*, 233 S.W.3d at 845–46. A litigant also may file a single document combining a plea to the jurisdiction with a motion for summary judgment. *See Tex. Dep't of Pub. Safety v. Bonilla*, 481 S.W.3d 640, 642 (Tex. 2015) (per curiam). Powers asserted both sovereign immunity and official immunity in a single document titled, "Defendant's Plea to the Jurisdiction," and Eustice responded with a single document titled, "Plaintiff's Response in Opposition to Defendants' [sic] Motion for Summary Judgment." Our analysis is unaffected by any confusion about the proper title of a document asserting or disputing official immunity, because whether styled as a plea to the jurisdiction or a motion for summary judgment, the same standard of review applies. *See Miranda*, 133 S.W.3d 227–28.

supports the appellant's contentions and to make accurate references to the record to support complaints on appeal." *Via v. Woodrow*, No. 14-17-00779-CV, 2018 WL 4136960, at \*1 (Tex. App.—Houston [14th Dist.] Aug. 30, 2018, no pet.) (mem. op.). By failing to support his assertions with evidence and analysis, Eustice has waived this issue. *See In re A.E.*, 580 S.W.3d 211, 219 (Tex. App.—Tyler 2019, pet. denied); *Kaptchinskie v. Estate of Kirchner*, No. 14-15-01080-CV, 2017 WL 3194421, at \*3 (Tex. App.—Houston [14th Dist.] July 27, 2017, no pet.) (mem. op.).

Having no basis to do otherwise, we overrule Eustice's challenge to the portion of the judgment dismissing, on the ground of official immunity, Eustice's contract claims against Powers in Powers's individual capacity.

## V. CONCLUSION

We affirm the portion of the judgment dismissing with prejudice Eustice's contract claims against Powers in Powers's official and individual capacities. Because Eustice has not appealed the dismissal of any other claims, we leave the remainder of the judgment intact.


/s/    Tracy Christopher
Justice


Panel consists of Justices Christopher, Spain, and Poissant.