**Affirmed and Memorandum Opinion filed May 1, 2025.**



In The

# Fifteenth Court of Appeals

_____

### NO. 15-24-00068-CV

_____

### ANTHONY NORMAN, Appellant

### V.

### ASHLEY JANAK, BOBBY LUMPKIN, BRYAN COLLIER, MARGARITA THOMAS, ROCKY MOORE, AND TAMMY SHELBY, Appellees

_____

**On Appeal from the 12th District Court**
**Walker County, Texas**
**Trial Court Cause No. 2230570**

_____

### MEMORANDUM OPINION

Appellant Anthony Norman, an inmate at the Texas Department of Criminal Justice (TDCJ), filed suit in Travis County district court asserting multiple claims against prison officials and employees. Norman sought injunctive and monetary relief, as well as a writ of mandamus against the Executive Director of the TDCJ. The Travis County court granted the defendants' motion to transfer venue to Walker County, and the Walker County court subsequently dismissed all of

Norman's claims as frivolous under Chapter 14 of the Texas Civil Practice and Remedies Code with prejudice. *See* Tex. Civ. Prac. & Rem. Code § 14.003(a)(2).

We conclude the Travis County court did not abuse its discretion in transferring the case to Walker County because Norman failed to properly plead his mandamus action against the Executive Director of the TDCJ. We also conclude that the Walker County court did not err in dismissing Norman's claims after transfer. Accordingly, we affirm.

## BACKGROUND

Norman is an inmate in the Wynne Unit of the TDCJ located in Huntsville, Texas. Norman sued TDCJ employees, Ashley Janak, Tammy Shelby, Margarita Thomas (who were members of the Mail System Coordinators Panel and referred to collectively as the MSCP Defendants), and Warden Rocky Moore seeking damages and injunctive relief. Norman's claims involved allegations that the MSCP Defendants either lost or stole his mail, a violation of his right to vote because the MSCP Defendants allegedly stole his mail-in ballot, a policy that no jackets could be worn in the hallways or the chow hall, and the temperature of the facility during cold weather and the handling of water main breaks.

Norman also sought a writ of mandamus against the Executive Director of the TDCJ, Bryan Collier, to compel him to correct the TDCJ's internal records reflecting that Norman has a final felony conviction because, according to Norman, his direct appeal to the Texas Court of Criminal Appeals is still pending, and therefore he has not been finally convicted of a felony. Lastly, Norman sought a writ of mandamus against TDCJ Director Bobby Lumpkin to compel actions such as updating the prison law library resources and other policies of the law library and to address Norman's allegations that the law librarian was obstructing his

2

access to courts.[1]  The MSCP Defendants, Warden Moore, Executive Director Collier, and Director Lumpkin are collectively referred to as "Defendants" in this opinion.

Norman's petition alleged venue was proper in Travis County under Section 15.014 of the Texas Civil Practice and Remedies Code because he sought a writ of mandamus against the Executive Director of the TDCJ.  *See* Tex. Civ. Prac. & Rem. Code § 15.014. (mandatory venue rule providing that "[a]n action for mandamus against the head of a department of the state government shall be brought in Travis County.").

Defendants moved to transfer the case to Walker County arguing that mandatory venue for Norman's claims is prescribed by Section 15.019, not 15.014. *Id.* § 15.019(a) ("Except as provided by Section 15.014, an action that accrued while the plaintiff was housed in a facility operated by or under contract with the [TDCJ] shall be brought in the county in which the facility is located.").  In their motion, Defendants argued that the Travis County court lacked subject-matter jurisdiction over Norman's mandamus action because a district court only has mandamus jurisdiction to enforce its own jurisdiction.  Defendants also argued that because Norman's mandamus action requests the district court to exercise supervisory control over a prison official and not to protect the court's jurisdiction, the mandamus must be denied.  Consequently, according to Defendants, venue was mandatory in Walker County, where the Wynn Unit is located, for Norman's remaining claims. *See id.* § 15.019(a).

After a hearing, the Travis County court granted Defendants' motion and

---

[1] Norman also alleged claims against the prison law librarian, Shovanda Mathis-Howard, but she was never served.  Norman nonsuited his claims against Mathis-Howard before appealing.

transferred the case to Walker County. Defendants then filed a motion to dismiss under Chapter 14 of the Texas Civil Practice & Remedies Code on the grounds that Norman did not follow certain procedural requirements under Chapter 14, that Norman's claims were frivolous, and that the trial court did not have jurisdiction to grant the writ of mandamus. *See id.* §§ 14.001–.014 (inmate litigation). Norman also filed a no-evidence motion for summary judgment. After a hearing on both motions, the court granted Defendants' motion to dismiss, dismissed Norman's claim with prejudice, and subsequently entered findings of fact and conclusions of law. Representing himself, Norman appeals the order dismissing his claims, as well as the Travis County district court's transfer of his case to Walker County.

## DISCUSSION

### A.    Venue Transfer

Norman contends that because venue was proper in Travis County, the Travis County trial court erred in transferring the case to Walker County. We disagree.

If a defendant challenges the plaintiff's venue choice through a motion, the burden is on the plaintiff to prove venue is proper in the county of suit. Tex. R. Civ. P. 87(2)(a). The trial court is to determine venue questions from the pleadings and affidavits. Tex. Civ. Prac. & Rem. Code § 15.064(a). All facts regarding venue shall be taken as true when properly pleaded, unless specifically denied by the adverse party. Tex. R. Civ. P. 87(3)(a). A plaintiff is not required to "prove the merits of a cause of action, but the existence of a cause of action, when pleaded properly, shall be taken as established as alleged by the pleadings." *Id.* R. 87(2)(b); *see also id.* R. 87(3)(a) ("[N]o party shall ever be required for venue purposes to support by prima facie proof the existence of a cause of action or part thereof, and at the hearing the pleadings of the parties shall be taken as conclusive

4

on the issues of existence of a cause of action."). An improperly pleaded claim, i.e. one that is not viable on its face, will not support venue in a particular county. *In re Tex. Dep't of Transp.*, 218 S.W.3d 74, 78 (Tex. 2007) (concluding venue not proper in Travis County when plaintiff failed to plead viable negligent activity claim).

Although he filed his mandamus proceeding in Travis County, potentially a county of mandatory venue under Section 15.014, Norman failed to properly plead a viable mandamus action against the Executive Director of the TDCJ. A party may seek mandamus relief "to compel a public official to perform a ministerial act." *Anderson v. City of Seven Points*, 806 S.W.2d 791, 793 (Tex. 1991). A mandamus will issue only to compel a public official to perform a ministerial, rather than a discretionary, act. *Id.* An action is ministerial when the law "clearly spells out the duty to be performed by the official with sufficient certainty that nothing is left to the exercise of discretion." *Id.* The Texas Supreme Court has likened a mandamus action against a government official to an *ultra vires* action. *Schroeder v. Escalera Ranch Owners' Ass'n, Inc.*, 646 S.W.3d 329, 332–33 (Tex. 2022) (explaining to fall within *ultra vires* exception to governmental immunity, "suit must not complain of government officer's exercise of discretion, but rather must allege, and ultimately prove, that the officer acted without legal authority or failed to perform a ministerial act.") (quoting *City of El Paso v. Heinrich*, 284 S.W.3d 366, 372 (Tex. 2009)).

To properly plead a mandamus action, Norman had to plead that the Executive Director of the TDCJ failed to perform a purely ministerial act, not a discretionary one. *Id.* Norman has pleaded no such facts. Norman's sole claim against the Executive Director seeks to compel him to correct TDCJ's internal records to reflect that Norman's conviction is not final. Assuming that the

Executive Director has discretion to interpret the law, the only way he could act *ultra vires* is if he exceeded "the bounds of his granted authority or if his acts conflict with the law itself." *Id.* (quoting *Hall v. McRaven*, 508 S.W.3d 232, 238 (Tex. 2017)). But if his actions are not outside of his authority or in conflict with the law, "then the plaintiff has not stated a valid ultra vires claim and governmental immunity will bar the suit." *Id.* (citing *Matzen v. McLane*, 659 S.W.3d 381, 388 (Tex. 2021)).

Norman contends the Executive Director has a ministerial duty to change Norman's records at the TDCJ to reflect that his murder conviction is not final. Norman, however, has exhausted his appellate remedies, and his conviction is final. *See Norman v. U.S. Att'y Gen.*, No. A-21-CV-1024-LY, 2023 WL 9116687, at *4 (W.D. Tex. Mar. 13, 2023), *aff'd*, No. 23-50360, 2024 WL 64769 (5th Cir. Jan. 5, 2024) ("Despite his assertions to the contrary, Norman stands finally convicted of the murder of his wife."); *see also Norman v. State*, No. 14–11–00433–CR, 2012 WL 4163498, at *19 (Tex. App.—Houston [14th Dist.] Sept. 20, 2012, pet. ref'd) (mem. op., not designated for publication) (establishing finality of Norman's direct appeal); *Norman v. Williamson*, No. 03–19–00297–CV, 2021 WL 500415, at *4 (Tex. App.—Austin Feb. 11, 2021, pet. denied) (affirming grant of plea to the jurisdiction where Norman did not allege failure to perform ministerial acts relating to his conviction).

The Executive Director of the TDCJ has no discretion to ignore the actions of the court system on an inmate's appeal. In fact, he has a ministerial duty to follow the direction of the court system and its rulings on the finality of an inmate's conviction. Norman's claim is, in reality, that the Executive Director should have used discretion—which he does not have—to ignore the ultimate decision of the court system on the finality of his appeal.

In other words, even accepting Norman's pleadings as true, his suit does not request that the Executive Director perform a ministerial duty such that mandamus relief is appropriate; rather, he requests that the Executive Director perform a discretionary action that he cannot legally undertake—to substitute his judgment for that of the court system. As such, Norman has failed to properly plead a viable mandamus action against the Executive Director, and the trial court was within its discretion to ignore this improperly pleaded claim and to transfer the action to Walker County. *See In re Tex. Dep't of Transp.*, 218 S.W.3d at 78.

Norman's mandamus claim against the Executive Director was his only claim that could have potentially made venue mandatory in Travis County. As a result, the trial court was also within its discretion to transfer Norman's remaining claims to Walker County. We affirm the trial court's transfer order.

## B.    Chapter 14 Dismissal

Norman also appeals the Walker County trial court's dismissal of his claims under Chapter 14 of the Texas Civil Practice and Remedies Code. Chapter 14 applies when, as here, an inmate files an affidavit or unsworn declaration of inability to pay costs. Tex. Civ. Prac. & Rem. Code § 14.002(a). Under Chapter 14, a trial court may dismiss an inmate's lawsuit if it is "frivolous or malicious." *Id.* 14.003(a)(2). "In determining whether a claim is frivolous or malicious, the court may consider whether: (1) the claim's realistic chance of ultimate success is slight; (2) the claim has no arguable basis in law or in fact; (3) it is clear that the party cannot prove facts in support of the claim; or (4) the claim is substantially similar to a previous claim filed by the inmate because the claim arises from the same operative facts." *Id.* § 14.003(b).

The Supreme Court of Texas has not decided the proper standard of review for Chapter 14 dismissals. *See Ramos v. Dunbar*, No. 15–24–00019–CV, 2025

WL 543113, at *2 (Tex. App.—15th Dist. Jan. 14, 2025, no pet.). We agree with our sister courts, however, that we review a dismissal under Chapter 14 for an abuse of discretion, while the specific issue of whether a claim has an arguable basis in law is a legal question reviewed de novo. *See e.g.*, *Sheedy v. Frederick*, No. 01–22–00663–CV, 2023 WL 8459494, at *2 (Tex. App.—Houston [1st Dist.] Dec. 7, 2023, pet. denied); *DeHorney v. Talley*, 630 S.W.3d 297, 301 (Tex. App.— El Paso 2021, no pet.).

On appeal, Norman argues the trial court did not "adhere" to Section 14.003(b) in dismissing his claims. Although we liberally construe pro se briefs, litigants who represent themselves are held to the same standards and rules as litigants represented by counsel. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978). Otherwise, pro se litigants would be given an unfair advantage over litigants represented by counsel. *Id.* at 185. We will construe a pro se litigant's arguments to the extent they are understandable and not waived by inadequate briefing. *See* Tex. R. App. 38.1(i) (brief must contain clear and concise argument for contentions made with appropriate citations to authorities and to record).

We conclude the trial court followed Section 14.003(b) in dismissing Norman's claims as frivolous. The trial court dismissed Norman's claims for negligence, conversion, and civil rights violations under 42 U.S.C. Section 1983 with prejudice on the grounds that Defendants were entitled to sovereign immunity in their official capacities and official immunity[2] in their individual capacities. *See*

---

[2] Although it is more precise to say Defendants would be entitled to "qualified immunity" under federal law from Norman's Section 1983 claims, "official immunity" and "qualified immunity" are often used interchangeably to refer to a governmental employee's immunity when sued in his individual capacity. *See Baylor Coll. of Med. v. Hernandez*, 208 S.W.3d 4, n.7 (Tex. App.—Houston [14th Dist.] 2006, pet. denied) (noting "'Official immunity,' 'qualified immunity,' 'quasi-judicial immunity,' 'discretionary immunity,' and 'good faith immunity' are

*e.g.*, *Lopez v. Serna*, 414 S.W.3d 890, 895 (Tex. App.—San Antonio 2013, no pet.) (explaining a trial court may rely on Section 14.003(b)(1) to dismiss an inmate's claim if facts alleged in petition show sovereign immunity would likely bar inmate's claim); *Hosea v. Dominguez*, 668 S.W.3d 704, 709–10 (Tex. App.—El Paso 2022, pet. denied), (concluding claims had no basis in law because claims were barred by sovereign immunity); *Peters v. Crank*, No. 02–08–480–CV, 2009 WL 2750964 at *3 (Tex. App.—Fort Worth Aug. 28, 2009, no pet.) (mem. op.) (affirming dismissal under Section 14.003(a)(2), in part, based on qualified immunity grounds). The trial court also dismissed Norman's mandamus actions on jurisdictional grounds. *See Williams v. Davis*, 628 S.W.3d 946, 953 (Tex. App.—Houston [14th Dist.] 2021, no pet.) (affirming dismissal under Chapter 14 because trial court lacked jurisdiction).[3]

Immunity and jurisdictional grounds are proper reasons to dismiss claims as frivolous under either Section 14.003(b)(1) or (b)(2), and therefore we conclude the trial court followed the statute in dismissing Norman's claims as frivolous.[4] To the extent Norman is making any arguments challenging the reasons for the trial court's immunity and jurisdictional conclusions, Norman did not adequately brief

---

all terms used interchangeably to refer to the same affirmative defense available to governmental employees sued in their individual capacities."). Further, qualified immunity under federal law is analogous to state law official immunity and "protects governmental officers with discretionary authority from liability so long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 427 n.3 (Tex. 2004).

[3]As we already decided in Part A above, Norman failed to plead a viable mandamus action.

[4] Because we conclude the trial court did not err in dismissing Norman's claims as frivolous, we do not address Norman's arguments regarding whether he followed all the procedural requirements under Sections 14.004 and 14.005. *See* Tex. R. App. 47.1.

those arguments and therefore they are waived. Tex. R. App. 38.1(i).[5]

Lastly, Norman complains the trial court did not rule on his no-evidence motion for summary judgment. The trial court, however, heard Norman's no-evidence summary judgment motion and the Defendants' Chapter 14 motion to dismiss at the same hearing. An express ruling on one motion may imply a contrary ruling on an opposing motion. *Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex. 1997). Here, the trial court impliedly denied Norman's no-evidence motion for summary judgment when it dismissed Norman's claims under Chapter 14. *See Enriquez v. Crain*, No. 03–17–00363–CV, 2018 WL 3320986, at *3 (Tex. App.—Austin July 6, 2018, no pet.). To the extent Norman is arguing he was entitled to judgment as a matter of law on his claims based on his no-evidence summary judgment motion, we disagree. A party with the burden of proof cannot obtain summary judgment through a no-evidence motion for summary judgment. Tex. R. Civ. P. 166a(i) ("a party . . . may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense *on which an adverse party would have the burden of proof* at trial.") (emphasis added).

Accordingly, we affirm the trial court's dismissal of Norman's claims under Chapter 14.

**CONCLUSION**

For these reasons, we affirm the Travis County district court's order transferring venue to Walker County and affirm the Walker County district court's judgment.

---

[5] To the extent Norman argues the trial court failed to enter findings of fact or conclusions of law, we overrule this issue because the record demonstrates the trial court did enter findings of fact and conclusions of law. Norman had access to the record and the trial court's findings and conclusions were available to him to review for this appeal.

10

/s/ Scott K. Field
Scott K. Field
Justice

Panel consists of Chief Justice Brister and Justices Field and Farris.