**CITY OF CARROLLTON,**
Texas, Appellant,

v.

**Darlyne HARLAN, Appellee.**

No. 05–05–00594–CV.

Court of Appeals of Texas,
Dallas.

Dec. 6, 2005.

Rehearing Overruled Jan. 12, 2006.

James R. Jordan, Shannon, Gracey, Ratliff & Miller L.L.P., Dallas, for Appellant.

Douglas T. Floyd, Plano, for Appellee.

Before Justices O'NEILL, LANG, MAZZANT.

## OPINION

Opinion by Justice MAZZANT.

In this interlocutory appeal, the City of Carrollton contends the trial judge erred in denying its plea to the jurisdiction. The City contends appellee's allegations do not fall within any waiver of governmental immunity. We agree. Accordingly, we reverse the judgment of the trial court and dismiss appellee's claims against the City.

## Factual and Procedural Background

Appellee Darlyne Harlan alleges that, on or about July 19, 2004, her house suffered approximately $8,000 in damages when a service crew from the City was servicing the municipal sewage system near her house. She alleges the system was pressurized by unknown means, causing sewage to blow into her house.

At the hearing on the plea to the jurisdiction, the City employee that worked on the sewer line testified that appellee's house is tied into the sewer main by an 8–inch feeder line. When he arrived to work on the back-up, the main line by appellees house was full of sewage due to an obstruction. The obstruction turned out to be concrete and a water valve. The City crew dug out the obstruction. The employee testified he was not aware of the feeder lines being full, and none of the activities of his crew caused the main line or the feeder lines to be full or to back-up into the appellee's house.

Appellee sued the City for damages under TEX. CIV. PRAC. & REM.CODE ANN. § 101.0215 (Vernon 2005) and pursuant to article 1, section 17 of the Texas Constitution. The City filed a Plea to the Jurisdiction and requested the trial court dismiss on the ground the City was entitled to immunity. The trial court denied the City's Plea to the Jurisdiction and the City brought this interlocutory appeal. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2005).

## Standard of Review

▉ A plea to the jurisdiction is a dilatory plea; its purpose is "to defeat a cause of action without regard to whether the claims asserted have merit." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Subject matter jurisdiction is a question of law subject to de novo review. *Tex. Natural Res. Conservation Com'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex.2002); *My–Tech Inc. v. Univ. of N. Tex. Health Sci. Ctr. at Fort Worth*, 166 S.W.3d 880, 883 (Tex.App.-Dallas 2005, pet. filed). In performing this review, we do not look to the merits of the case, but consider only the pleadings and evidence relevant to the jurisdictional inquiry. *Tex. Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex.2004); *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). The plaintiff has the burden to allege facts affirmatively demonstrating the trial court has subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993).

## Sovereign Immunity

▉ In Texas, a governmental unit is immune from tort liability unless the legislature has waived immunity. *Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex.1998). There is no dispute that the City, as a municipality, is a governmental unit; rather, the question is whether the City's immunity has been waived so as to allow appellee to proceed with its claims against the City. *See Bell v. City of Dallas*, 146 S.W.3d 819, 823 (Tex.App.-Dallas 2004, no pet.); *City of Dallas v. Reata Const. Corp.*, 83 S.W.3d 392, 398 (Tex.App.-Dallas 2002), *rev'd on other grounds*, No. 02–1031, —— S.W.3d ——, 2004 WL 726906 (Tex. April 2, 2004).

## Texas Tort Claims Act

The Texas Tort Claims Act (the "Act") identifies the categories of tort liability for which the legislature has and has not waived immunity. *See generally* TEX. CIV. PRAC. & REM.CODE ANN. ch.101 (Vernon 2005). A governmental unit's sovereign immunity is waived to the extent chapter 101 allows, and a person may sue that governmental unit for damages to the ex-

tent authorized by that chapter. *Id.* § 101.025. The Act speaks specifically to a municipality's liability, pronouncing that a municipality will be liable for its tortious conduct to the extent provided by chapter 101 "for damages arising from its governmental functions." *Id.* § 101.0215(a). The legislature has expressly stated that a municipality's activities with respect to sanitary and storm sewers are governmental functions. *Id.* § 101.0215(a)(9); *City of Tyler v. Likes,* 962 S.W.2d 489, 502 (Tex. 1997); *Reata,* 83 S.W.3d at 395.

Section 101.021 waives immunity when the plaintiff urges a claim for:

> (1) property damage ... proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:
>> (A) the property damage ... arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and
>> (B) the employee would be personally liable to the claimant according to Texas law.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.021. This subsection does not apply to the claim against the City in this case. Appellee alleged no facts, and presented no evidence at the hearing on the plea to jurisdiction, indicating a motor vehicle or motorized equipment was used by a city employee in a manner that could have caused the damage at issue in this lawsuit. *See id.* § 101.021(1). To the contrary, the City employee specifically testified that none of the activities of the City employees caused the sewage to back-up into appellee's house.

### Takings Claim

▮ The City does not have governmental immunity from a valid claim under article 1, section 17 of the Texas Constitution. *See Bell,* 146 S.W.3d at 825; *Dahl v.*

*State,* 92 S.W.3d 856, 862 (Tex.App.-Houston [14th Dist.] 2002, no pet.); *see also Gen. Servs. Com'n v. Little–Tex Insulation Co., Inc.,* 39 S.W.3d 591, 598 (Tex.2001). However, when a plaintiff does not allege a valid inverse condemnation claim, governmental immunity does apply and the trial court should grant a plea to the jurisdiction. *Dahl,* 92 S.W.3d at 862; *see also Little–Tex,* 39 S.W.3d at 599 (affirming grant of plea to the jurisdiction where plaintiff did not allege proper takings claim). Whether particular facts are enough to constitute a taking is a question of law. *Little–Tex,* 39 S.W.3d at 598.

Further, although cited in the pleadings, appellee has made no attempt to show she alleged a valid takings claim in this appeal. Specifically, she has directed us to no factual allegations in her petition to establish that (1) the City intentionally performed certain acts, (2) that resulted in a "taking" of property, (3) for public use. *Bell,* 146 S.W.3d at 825. Nor has our review of the petition revealed any such allegations. To the contrary, from our review of the petition, it is apparent that the property damage was alleged to be caused by negligent actions; specifically, the City pressurizing the storm sewage system. Consequently, the pleadings affirmatively negate a valid takings claim. *See Bell,* 146 S.W.3d at 825; *Dahl,* 92 S.W.3d at 862; *City of Alton v. Sharyland Water Supply Corp.,* 145 S.W.3d 673, 678 (Tex.App.-Corpus Christi 2004, no pet.); *Little–Tex Insulation Co., Inc. v. Gen. Servs. Comm'n,* 997 S.W.2d 358, 362 (Tex.App.-Austin 1999), *rev'd on other grounds,* 39 S.W.3d 591 (Tex.2001).

### Conclusion

We conclude appellee has failed to allege facts sufficient to demonstrate the trial court has subject matter jurisdiction. Further, in this case the City filed its Plea to the Jurisdiction on March 7, 2005. Ap-

pellee filed a First Amended Petition on March 10, 2005 and a Second Amended Petition on April 12, 2005. If a plaintiff has been provided a reasonable opportunity to amend its pleadings after a governmental entity files its plea to the jurisdiction, and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, then the trial court should dismiss the plaintiff's action with prejudice. *See Harris County v. Sykes*, 136 S.W.3d 635, 639–40 (Tex.2004). Such a dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined. *Sykes*, 136 S.W.3d at 639–40. For the foregoing reasons, we reverse the judgment of the trial court and render judgment dismissing appellee's claims against the City with prejudice.