**Affirmed in part, Dismissed in part, and Substitute Opinion filed May 16, 2019.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-17-00981-CV

---

## JERRY SANCHEZ, TIMOTHY WILIAMS, AND JOSE ESTRADA, Appellants

### V.

## JAMES DANIEL BOONE, Appellee

---

**On Appeal from the 412th District Court**
**Brazoria County, Texas**
**Trial Court Cause No. 91722-1**

---

## S U B S T I T U T E   O P I N I O N

We deny the motion for rehearing filed by appellee James Daniel Boone. We withdraw our opinion dated March 19, 2019 and issue the following substitute opinion.

In this interlocutory appeal, Jerry Sanchez, Timothy Williams, and Jose Estrada (collectively, the officers), correctional officers for the Texas Department

of Criminal Justice (TDCJ), challenge the trial court's denial of their plea to the jurisdiction, seeking dismissal of claims brought against them by inmate James Daniel Boone. Boone complains that the officers confiscated certain items from his cell and failed to return them. We conclude that the officers have shown their entitlement to official immunity as to Boone's claims involving one item but not the other items. Therefore, we lack jurisdiction over Boone's claims as to the former but not the latter. We dismiss in part and affirm in part.

## *Background*

According to Boone, Williams and Estrada came into his cell and strip searched him. Boone alleges that a handmade dog tag and wedding band, among other things, were confiscated. Williams and Estrada told Boone to get dressed and step out of his cell. As he did so, Sanchez approached. Sanchez found a typewriter, "slammed it on the cell floor busting it open[,] ripped the top off," and found a cell phone charger hidden inside. Boone had another typewriter with SIM cards hidden inside.

Thereafter, Boone received disciplinary reports for possession of the cell phone charger and SIM cards as contraband. The property officer returned certain property to Boone along with an inventory sheet. The returned property did not include the second typewriter, the dog tag, or wedding band. Boone complained about his missing property and did not sign the inventory sheet. The property officer told Boone to file a "step-1 grievance" and took the property back to the property room. The property officer subsequently returned with the property, and Boone again refused to sign the inventory form. The property officer told him that he was signing only for the property he was receiving since he had already filed a grievance for the missing property. Boone then signed the form.

After exhausting his administrative remedies, Boone filed this lawsuit

2

against the officers in their individual capacities, bringing a claim under the Theft Liability Act (the Act), and seeking damages for the confiscated typewriter, dog tag, and wedding band.[1] *See* Tex. Civ. Prac. & Rem. Code §§ 134.001-.005. The officers filed a plea to the jurisdiction, asserting sovereign immunity "[t]o the extent the petition names [the officers] in their official capacities" and official immunity as to the claims against the officers in their individual capacities.[2] The trial court granted the plea "to the extent that [Boone] seeks recovery against the [officers] in their official capacities" but denied it "[t]o the extent [Boone] seeks recovery against [the officers] in their individual capacities."

## *Discussion*

In two issues, the officers argue they are entitled to official immunity as to Boone's claims. Official immunity is an affirmative defense that protects government employees from personal liability. *Univ. of Houston v. Clark*, 38

---

[1] The Texas prison system has a two-step formal grievance process. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). The step 1 grievance is handled within the prisoner's facility. *Id*. After an adverse decision at step 1, the prisoner may file a step 2 grievance, which is handled at the state level. *Id*. The officers do not contend that Boone failed to exhaust his administrative remedies through this process and assert instead that "Boone filed grievances, his claims were investigated by third party personnel and it was found that his typewriter was properly confiscated and all of his property had been returned to him." Boone does not seek damages for the typewriter that was destroyed in his cell. Boone alleges that the other typewriter was destroyed later.

The officers interpret Boone's appellate brief as an assertion for the first time on appeal that the second typewriter was also destroyed in his cell. We construe Boone's statements on appeal to allege only that the typewriter was destroyed after it was confiscated, which he asserted below. However, in this appeal, we consider only the facts pleaded by Boone below. *See Metro. Transit Auth. of Harris Cnty. v. Douglas*, 544 S.W.3d 486, 492 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (noting that when a plea to the jurisdiction challenges the plaintiff's pleadings, the court of appeals determines whether the pleadings allege facts sufficient to affirmatively demonstrate the trial court's jurisdiction over the case). Boone also complains on appeal about additional items that were confiscated, but in the trial court, he sought damages only for the typewriter and handmade items.

[2] In his original petition, Boone expressly stated only that he was suing the officers "in their personal or individual capacities."

S.W.3d 578, 580 (Tex. 2000). A governmental employee is entitled to official immunity for the performance of discretionary duties within the scope of the employee's authority when the employee acts in good faith. *Id*. Because official immunity is an affirmative defense, to prevail on a plea to the jurisdiction, the governmental employee must conclusively prove each element of the defense. *Id*. (applying standard to summary judgment motion); *see also City of Dallas v. Brooks*, 349 S.W.3d 219, 225 (Tex. App.—Dallas 2011, no pet.) (applying standard to plea to the jurisdiction).

When a plea to the jurisdiction challenges the plaintiff's pleadings, we determine whether the pleadings, construed in the plaintiff's favor, allege facts sufficient to affirmatively demonstrate the trial court's jurisdiction to hear the case. *Metro. Transit Auth. of Harris Cnty. v. Douglas*, 544 S.W.3d 486, 492 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (citing *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). If the plaintiff pleaded facts making out a prima facie case and the governmental unit instead challenges the existence of jurisdictional facts, we consider the relevant evidence submitted. *Id*. When reviewing a plea to the jurisdiction in which the pleading requirement has been met and evidence has been submitted to support the plea that implicates the merits of the case, we take as true all evidence favorable to the plaintiff. *Id*. We indulge every reasonable inference and resolve any doubts in the plaintiff's favor. *Id*. We review a challenge to the trial court's subject matter jurisdiction de novo. *Id*.

## I.     Arguments Specific to Handmade Items

The officers contend in their first issue that (1) there is no evidence that Boone had possession of his handmade dog tag and wedding band at the time of the cell search or that the items were confiscated; and (2) the officers are immune

4

from Boone's theft claims as to these items because the alleged amount of actual damages is insignificant. We conclude that we lack jurisdiction to consider these arguments because they are not based on the officers' assertion of official immunity.

We have jurisdiction over the interlocutory appeal of a plea to the jurisdiction under section 51.014(a)(5) of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(5). That section provides that a person may appeal from an interlocutory order denying a plea to the jurisdiction "based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state."[3] *Id*. In this connection, we have held that under the statute, we have jurisdiction to consider only the interlocutory appeal of a challenge "based on the assertion of official immunity." *Baylor Coll. of Med. v. Hernandez*, 208 S.W.3d 4, 11 (Tex. App.—Houston [14th Dist.] 2006, pet. denied).[4]

---

[3] The statute states that a person may appeal from the denial of "a motion for summary judgment that is based on an assertion of immunity." Tex. Civ. Prac. & Rem. Code § 51.014(a)(5). The supreme court has held that "an appeal may be taken from orders denying an assertion of immunity, as provided in section 51.014(a)(5), regardless of the procedural vehicle used." *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011).

[4] Section 51.014(a)(6) allows an interlocutory appeal from the denial of a motion for summary judgment "based in whole or in part against or defense by a member of the electronic or print media . . . arising under the free speech or free press clause of the First Amendment." Tex. Civ. Prac. & Rem. Code § 51.014(a)(6). The supreme court just held that section 51.014(a)(6) allows a person to file an interlocutory appeal from the trial court's denial of the entire motion, including grounds not based on a First Amendment challenge. *Dallas Symphony Ass'n, Inc. v. Reyes*, No. 17-0835, 2019 WL 1090771, at *1 (Tex. Mar. 8, 2019). In reaching this conclusion, the high court relied on the language in the statute that the motion must be based "in whole or in part" on the requisite constitutional claims. *Id*. at *5. The court expressly distinguished section 51.014(a)(6) from section 51.014(a)(5), applicable here, because section 51.014(a)(5) does not include the language "in whole or in part." The court expressly declined to address whether section 51.014(a)(5) is limited to interlocutory appeals from the denial of a motion for summary judgment "based on the assertion of official immunity." *Id*. We thus are bound to follow our precedent in *Hernandez*: that we have jurisdiction over interlocutory appeals under section 51.014(a)(5) only to the extent that they are "based on the assertion of official

The officers contend that there is no evidence that Boone had possession of the handmade items at the time of the cell search or that the items were confiscated. They contend that they "need not prove official immunity" because Boone lacks a claim to assert. This argument—based on the lack of evidence to support Boone's theft claim—is not an assertion of immunity. *See id*. Therefore, we lack jurisdiction to address this issue. *See id*.

The officers also contend for the first time on appeal that Boone's claims as to the handmade items are barred under the doctrine of *de minimus non curiat lex*. Under that doctrine, any error is deemed harmless when the amount of actual damages is insignificant. *See Smith v. Stevens*, 822 S.W.2d 152, 152 (Tex. App.—Houston [1st Dist.] 1991, writ denied). The officers have not cited any authority establishing their entitlement to immunity from Boone's claims under this doctrine, which has been applied to dismiss inmate litigation when the amount of damages sought was insignificant. *See id*. (affirming trial court's dismissal of lawsuit as frivolous when actual damages sought were $3.55). We decline to hold that this doctrine confers official immunity from suit and thus implicates this court's jurisdiction to hear an interlocutory appeal under section 51.014(a)(5). We thus conclude that we lack jurisdiction to address this issue as well.

## II.     Entitlement to Official Immunity

The officers argue in their second issue that they are entitled to immunity as to all of Boone's claims because in confiscating the items, they met their burden to conclusively prove each element of official immunity: they contend specifically that they were performing discretionary duties in good faith within the scope of their authority. We conclude that the officers have established they are entitled to official immunity as to the confiscated typewriter because it was used to conceal

immunity." *See Hernandez*, 208 S.W.3d at 11.

contraband. We cannot reach the same conclusion as to the handmade items because the officers did not meet their burden to show that they acted in good faith in confiscating these items.

The Act defines "theft" as "unlawfully appropriating property or unlawfully obtaining services." Tex. Civ. Prac. & Rem. Code § 134.002(2). A person who commits theft is liable for the damages resulting from the theft. *Id*. § 134.003(a). In his original petition, Boone alleged the following facts. The officers "took" his dog tag. The property inventory sheet listing items "[i]n [o]ffender's possession" and "[s]tored in [p]roperty [r]oom" excluded his typewriter, dog tag, wedding band, and certain other items that were taken. Boone initially refused to sign the sheet because of the missing items. He eventually signed it because the property officer told him that he was signing only for the property that he was receiving back. We conclude that Boone alleged facts making out a prima facie case that the officers unlawfully appropriated Boone's typewriter, dog tag, and wedding band. We turn to the evidence supporting the officer's official immunity defense.

**Discretionary or ministerial duties?** As discussed, a governmental employee is entitled to official immunity for the good faith performance of discretionary duties within the scope of the employee's authority. *City of Houston v. Jenkins*, 363 S.W.3d 808, 814 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). A discretionary act is one involving personal deliberation, decision, and judgment; in contrast, actions requiring obedience to orders or the performance of a duty to which the actor has no choice are ministerial. *Id*. (citing *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994)). Thus, if the duty is imposed by law, then the performance of the duty is a ministerial act, and there is no official immunity for the failure to perform it. *Id*. Because ministerial acts are those which the law prescribes and must be performed with such precision and certainty as to

7

leave nothing to the exercise of discretion or judgment, a significant aspect of determining whether an act is ministerial or discretionary involves a consideration of whether a law or regulation controls the acts of the government employee in a particular situation. *Harris Cnty. v. DeWitt*, 880 S.W.2d 99, 101 (Tex. App.— Houston [14th Dist.] 1994), *aff'd*, 904 S.W.2d 650 (Tex. 1995).

Here, the officers contend that no law or regulation prescribes how they should determine whether an item is contraband and whether to confiscate it. However, the officers point to TDCJ policy to support their argument that confiscating contraband is discretionary. The TDCJ Offender Orientation Handbook defines "contraband" in relevant part as "[a]ny item which, in the judgment of TDCJ personnel, unreasonably hinders the safe and effective operation of the facility." The handbook further states, "Any contraband found on TDCJ property may be taken and disposed of according to procedures set forth by the TDCJ and the State of Texas." We agree that this policy allowed the officers to use their own judgment to decide what constituted contraband and whether to confiscate it. *See Moore v. Collins*, 47 F.3d 425, at *4 (5th Cir. 1995) (citing TDCJ's "broad definition" of "contraband" and concluding that because empty boxes in inmate's cell posed a fire hazard "in [the officer's] judgment," they qualified as contraband). Accordingly, the officers' conduct in confiscating Boone's property was discretionary.

**In good faith?** To establish good faith, the officers must show that reasonably prudent officers under the same or similar circumstances could have believed that their conduct was justified based on the information they possessed when the conduct occurred. *Telthorster v. Tennell*, 92 S.W.3d 457, 465 (Tex. 2002). The officers need not prove that it would have been unreasonable not to engage in the conduct or that all reasonably prudent officers would have engaged

8

in the same conduct. *Id*. Rather, they must prove only that reasonably prudent officers, under similar circumstances, might have made the same decision. *Id*. That the officers were negligent will not defeat good faith: the test does not inquire into "what a reasonable person would have done," but into "what a reasonable officer could have believed." *Id*.

The officers argue that they acted in good faith in confiscating the typewriter. Boone challenges the confiscation of the typewriter, which he concedes was used to conceal contraband. The TDCJ Orientation Handbook includes a nonexclusive list defining cell phones, among other things, as dangerous contraband "[r]epresent[ing] a threat to the security and safety of the unit." Although the list does not specifically reference SIM cards, they are related to— arguably a part of—cell phones. Boone also conceded in his appellate brief that "the SIM cards [are] dangerous contraband."[5] Given TDCJ's nonexclusive list of "dangerous contraband" and broad definition of "contraband," which includes "[a]ny item which, in the judgment of TDCJ personnel, unreasonably hinders the safe and effective operation of the facility," we conclude that reasonably prudent officers under the same or similar circumstances could have concluded that the typewriter should be confiscated and not returned because it was being used to conceal dangerous contraband.[6] *See Chambers*, 883 S.W.2d at 657 (noting standard

---

[5] Boone agrees that he is not entitled to the return of the SIM cards because they are dangerous contraband. Instead, he contends that his typewriter should have been returned because it is not dangerous contraband. But the standard is whether a reasonable officer under the same or similar circumstances *could have concluded* that the typewriter should not be returned. *See Chambers*, 883 S.W.2d at 657.

[6] In a reply brief, Boone asserted that the officers admitted they destroyed his typewriter after confiscating it. On rehearing, Boone again concedes that the officers had discretion to confiscate the typewriter but argues that they did not have discretion to destroy it, he should have received notice of its disposition, and he should have been given the option to send it home. Because the dangerous contraband list in the TDCJ Orientation Handbook is nonexclusive, the officers had the discretion to designate the typewriter as dangerous contraband, particularly when

9

requires plaintiff to show that "no reasonable person in the defendant's position could have thought the facts were such that they justified defendant's acts").

The officers also argue they confiscated the handmade items in good faith "because Boone has presented no facts or evidence to suggest [the officers] acted in bad faith in their handling of the items." But the officers do not offer any explanation for their actions. Boone alleged that the officers confiscated his dog tag and wedding band. The officers had the burden to show that they acted in good faith in doing so. *See Telthorster*, 92 S.W.3d at 464-65 (noting officer had burden to establish he acted in good faith "for purposes of invoking official immunity's protection"). The record is silent as to whether the handmade items were contraband. Moreover, presuming that the officers were justified in searching Boone's cell—a proposition that Boone does not dispute—the officers were required to prove that a reasonably prudent officer could have believed that confiscating the handmade items was justified based on the information the officers possessed at the time. *Cf. Turner v. Fox*, No. 09-12-00541-CV, 2013 WL 5775771, at *2 (Tex. App.—Beaumont Oct. 24, 2013, pet. denied) (mem. op.) (noting to establish good faith, an officer must show "that a reasonably prudent officer, under the same or similar circumstances, could have believed that his conduct was justified based on the information he possessed when the conduct occurred"); *Gonzales v. Kelley*, No. 01-10-00109-CV, 2010 WL 2650615, at *7 (Tex. App.—Houston [1st Dist.] July 1, 2010, no pet.) (mem. op.) (holding officers conclusively established good faith in using taser "in response to specific aggressive acts" by inmate). The officers failed to do so and thus have not shown

it was being used to hide dangerous contraband, i.e., cell phone parts. Property that is so designated can be—but is not required to be—destroyed. Thus, the officers also had discretion to destroy the property. An inmate is not entitled to notice of the destruction of dangerous contraband and is not allowed to send such contraband home.

10

on this record that confiscating the handmade items was done in good faith.

**Within the scope of their authority?** The officers finally assert that the search of Boone's cell and confiscation of his property was within their authority as correctional officers. Officials act within the scope of their authority when they discharge the duties generally assigned to them, even if they err in completing the task. *Chambers*, 883 S.W.2d at 658; *see also Ballantyne v. Champion Builders, Inc.*, 144 S.W.3d 417, 424 (Tex. 2004). The Orientation Handbook allows officers to confiscate and dispose of contraband "according to procedures set forth by the TDCJ and the State of Texas." We agree that the search of Boone's cell and confiscation of contraband was within the officers' authority as correctional officers. *See Turner*, 2013 WL 5775771, at *2 (holding officer was "acting under lawful authority" when she confiscated boots based on question of ownership) (citing *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004) ("Because the undisputed facts reveal that [the inmate's] word processor and radio were confiscated under the authority of a prison administrative directive, the confiscation was not a random, unauthorized act by a state employee.")).

For the above reasons, we sustain the officers' second issue as to the typewriter and overrule the issue as to the handmade items because the officers have not shown on this record that confiscating the handmade items was done in good faith.

*Conclusion*

Because the officers have demonstrated their entitlement to official immunity as to Boone's claim for theft of the typewriter, the trial court lacked jurisdiction over that claim and thus erred in denying the officer's plea to the jurisdiction on that claim. We thus dismiss Boone's theft claim as to the typewriter. Regarding the handmade items, the officers failed to establish their entitlement to

11

official immunity as to Boone's theft claims. We affirm the trial court's denial of the plea to the jurisdiction as to the handmade items.

/s/    Frances Bourliot
       Justice

Panel consists of Justices Wise, Jewell, and Bourliot (Jewell, J., concurring).