NO. <u>15-25-00118-CV</u>

IN THE

FIFTEENTH COURT OF APPEALS

at AUSTIN

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

SEP 09 2025

CHRISTOPHER A. PRINE
CLERK

---

JAMES BRICKLEY,
Appellant,

v.

NICHOLAS WALTON,
Appellee.

---

Appealed from the 440th Court of
Coryell County, Texas

---

APPELLANT'S BRIEF

---

JAMES BRICKLEY
Appellant pro se
3201 FM 929
Gatesville, Texas 76597


JAMES BRICKLEY
PRO SE


APPELLANT REQUESTS ORAL ARGUMENT

NO. 15-25-00118-CV

JAMES BRICKLEY,
Appellant,

v.

NICHOLAS WALTON,
Appellee.

## IDENTITY OF PARTIES & COUNSEL

Appellant, James Brickley, pro se, 3201 FM 929, Gatesville, Texas 76597.

Appellee, Nicholas Walton, represented ny Jacob I. Pons, Asst. Attorney General, Texas State Bar No. 24139435, Office of the Attorney General, P.O. Box 12548, Capitol Station, Austin, Texas 78711. phone: (512)-463-2080 fax: (512)-370-9814, email: jacob.pons@oag.texas.gov

# TABLE OF CONTENTS

page

IDENTITY OF PARTIES..............................................i

INDEX OF AUTHORITIES...........................................iii

STATEMENT OF THE CASE...........................................iv

STATEMENT ON ORAL ARGUMENT.......................................v

ISSUES PRESENTED FOR REVIEW......................................v

STATEMENT OF FACTS..............................................1

SUMMARY OF THE ARGUMENT.........................................1

ARGUMENT.......................................................4

    Issue 1: The trial court erred in dismissing the case with
          prejudice.............................................4

    Issue 2: The trial court erred in dismissing the case for
          jurisdiction.........................................6

    Issue 3: The trial court erred by not first taking up the
          matter of plaintiff's request for defense attorney
          to show authority to act..............................7

CONCLUSION.....................................................9

PRAYER........................................................10

CERTIFICATE OF SERVICE........................................10

APPENDIX......................................................11

## CASES

American Motorists Ins. v. Fodge, 63 S.W.3d 801,805 (Tex.2006)..4

Black v. Jackson, 82 S.W.3d 44,56 (Tex.App.-Tyler 2002, no
    pet.)..............................................................5

City of Carrollton v. Harlan, 180 S.W.3d 894,898 (Tex.App.-
    Dallas 2005, pet. denied).....................................5

City of Lancaster v. Chambers, 883 S.W.2d 650,653 (Tex.1994)....9

Harris Cty. v. Sykes, 136 S.W.3d 635,639 (Tex.2004).............5

Jansen v. Fitzpatrick, 14 S.W.3d 426,431 (Tex.App.-Houston
    [14th Dist.] 2000, no pet.)...................................5

J&J Sports Prods. v. JWJ Mgmt., Inc., 324 S.W.3d 823 (Tex.App.-
    Fort Woth 2010, no pet.).....................................7

Mazaheri v. Rosenblatt Law Firm, No.04-24-00453-CV, 2025 Tex.
    App. LEXIS 4380 (Tex.App.- San Antonio June25,2025, no
    pet.h.).......................................................7

Sanchez v. Boone, 579 S.W.3d 526, 2019 Tex.App. LEXIS 4001 (Tex.
    App.-Houston 14th Dist. May16,2019 no pet.)..................7

State v. Holland, 221 S.W.3d 639,642 (Tex.2007)................6

Texas A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835,839-40 (Tex.
    2007)......................................................5,8

Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217,
    226 (Tex.2004)...............................................6

Thomas v. Long, 207 S.W.3d 334,338 (Tex.2006).....................4

Webster v. Comm'n for Law Discipline, 704 SW.3d 478, 2024 Tex.
    LEXIS 1175 (Tex.2024).......................................8

## STATUTES

Texas Civil Practice and Remedies Code §134.005..................2

Texas Government Code §402.021..................................8

Texas Rule of Civil Procedure 12...............................8

Tex.Civ.Prac.& Rem.Code §101.003...............................9

Tex.Civ.Prac.& Rem.Code §134.001...............................3

Tex.Civ.Prac.& Rem.Code §134.002...............................7

## INDEX OF AUTHORITIES CONT...

Tex.Civ.Prac.& Rem.Code §41.003.....................................3

Tex.Civ.Prac.& Rem.Code §§134.001-005.............................2

42 USCS §1983......................................................3

## STATEMENT OF THE CASE

Nature of the Case. Appellant sued appellee for the theft of his legal materials and violation to his civil rights in his individual capacity.(C.R. at 6-18)

Course of Proceedings. After service on the defendant of citation (C.R. at 79 &80), Asst. Attorney Genderal, Jacob I. Pons filed a plea to jurisdiction (C.R. at 88-92), Brickley filed a motion for Mr. Pons to show authority to act (C.R. at 114-18). The court ordered Dismissal with prejudice for jurisdiction on June 11,2025 (C.R. at 122),(APP. TAB 1), unbeknownst to the plaintiff. Plaintiff filed a request for findings of fact and conclusions of law. (C.R. pp. 140-41). The trial court has refused to file such findings of fact and conclusions of law, despite notice.

Trial Court Disposition. The trial court rendered judgment on the plea to jurisdiction on June 11,2025. (C.R. at 122).

## STATEMENT ON ORAL ARGUMENT

The Court should grant oral argument for the following reasons:
Oral argument would give the Court a more complete understanding
of the facts of the case presented on appeal without the risk of
a complaint of appellee's affiliates withholding documents, answers,
replys or motions as in Brickley v. Wagner, Cause number 15-24-00-
067-CV; and Brickley v. Mitchell, Cause number 15-25-00063-CV. See
Tex.R.App.P. 39.1(c).

## ISSUES PRESENTED FOR REVIEW

Issue 1: The trial court erred in dismissing the case with
prejudice.

Issue 2: The trial court erred in dismissing the case for
jurisdiction.

Issue 3: The court erred by not first taking up the matter of
plaintiff's request for defendant's attorney to show
authority to act.

## STATEMENT OF FACTS

Appellant, James Brickley, filed a suit against appellee, Nichoas Walton for theft of Brickley's legal mail and as a result of the theft violation of Brickley's inmate civil rights by preventing him from effectively participating in a legal process, by way of denying him access to his legal work in a seperate case.

The theft occured on June 14,2023, during a bi-annual shakedown, where officers, led by Property Officer Nicholas Walton, took legal work belonging to Brickley in violation of TDCJ policy; and refused to provide confiscation paperwork, in violation of the same policy; after requesting the names of other officers involved who conducted the shake down and reasons for the confiscation of legal work, Walton provided Brickley with no answers, in violation of TDCJ policy. Brickley filed a timely grievance and exhausted all administrative remedies, and filed a timely petition against Officer Nicholas Walton in his individual capacity.(C.R. pp 12-17 and 6-18).

## SUMMARY OF THE ARGUMENT

Brickley's first argument challenges the lower court's decision to dismiss the case with prejudice. The trial court first erred in dismissing the case as shown below, however, even in dismissing the case the court was without authority to do so with prejudice; where dismissal with prejudice would require either a final determination on the merits, or an opportunity to amend the petition to add facts to overcome a claim of immunity. Neither of which happened.

Appellee's attorney argued that Brickley was not entitled to leave

1

to amend because he belived there were no additional facts which could cure a jurisdictional defect by changing a ,previouslypled claim for relief. (C.R. at 89). However, Brickley would not need to do so at all because he claim relief under the Texas Civil Practice and Remedies Code § 134.005, also known as the Texas Theft Liability Act.(C.R. at 9). And for violations of his civil rights, he requested relief under the TCPRC as well.(Id.). Brickley also stated that all conditions precedent had been met prior to filing the suit.(C.R. at 10). When providing facts of the case, there need no other facts unless the court determines new facts need to be presented, and there need none to pursue a suit under the TTLA. Where the TTLA requires all elements of the theft to be proven as per the Texas Penal Code. (C.R. at 8-9)(demonstrating the elements of theft have been met). If the petition were liberally construed in the plaintiff's favor, the lower court abused discretion in dismissing the case, and without leave to amend, or determination that the amendment of facts would not cure a supposed defect that bars suit, the trial court erred in dismissing the suit with prejudice.

Second, the lower court abused discretion when dismissing the case for jurisdiction when there were facts in the petition which granted the court jurisdiction over the cse. (C.R. at 120).

In bringing a suit for a civil theft, pursuant to the TTLA, all elements of the Texas Penal Code theft statute must be met in order to provide the petitioner relief.. See Tex.Civ.Prac. & Rem. Code §§ 134.001-005. In Brickley's petition, he stated facts which satisfied the elements of the penal code's theft statute.(C.R. at 6-8). This gave defendant fair notice of the allegations against

2

him, allowing him to provide a defense. Brickley then claimed relief under the TTLA or Tex.Civ.Prac. & Rem Code (C.R. at 9), which a reasonable person would construe as an attempt to bring a suit under the TTLA rather that as a criminal action under the Texas Penal Code, which does not provide a party compensatory damages. Similarly,, the claim of violation to Brickley's inmate civil rights could not be construed as a claim under the Texas Penal Code because of Brickley's claim of exemplary damages under Tex.Civ.Prac. & Rem.Code §41.003.(C.R. at9).

Furthermore, a petitioner is not required to provide a legal theory in the petition to meet the Fair Pleadings Act. However, he is required to provide facts which would put the defendant on notice of the facts to allow them to create a valid defense. Petitioner is also required to provide an amount for recovery of damages to establish jurisdiction of the court, which Brickley has done.(C.R. at 6-11).

And where the court determined that the Texas penal Code does not create a private cause of action. It is correct, however, the Texas penal Code does not preclude a private cause of action either. Just because an action is a criminal offense, the courts are given jurisdiction under other statutes such as Tex.Civ.Prac. & Rem.Code §134.001, or 42 U.S.C.S. §1983, to adjudicate a suit in a civil capacity. And if the facts were ambiguous, the court should have allowed an amendment to the pleadings rather than dismissal.

Finally, the court erred by not first addressing Brickley's motion requesting defendant's attorney, Jacob I. Pons, to show authority to act, pursuant to Rule 12 of the Texas Civil Rules of Court. Had the court required attorney to show authority to act,

3

none of his pleadings, including his plea to jurisdiction would survive. Allowing the unauthorized representation for the defendant and refusing appointment of counsel for plaintiff after a request to do so, amounts to an equal protection violation under the 14th Amendment, where the law precludes defense attorney to act and gives the court discretion to appoint counsel in this particular scenario, to the plaintiff. Which in hindsight, would have prevented the problems before this Court today. Therefore, the court erred by not first taking up the issue of plaintiff's request for defendant's attorney to show authority to act, before taking up defendant's plea to jurisdiction.

## ARGUMENT

Issue 1: The trial court erred in dismissing the case with prejudice.

If a claim is not within the court's jurisdiction and the impediment to jurisdiction cannot be removed, the claim must be dismissed: but if the impediment to jurisdiction can be removed, the court should abate the proceedings to allow the plaintiff a reasonable opportunity to cure the jurisdictional problem. American Motorists Ins. v. Fodge, 63 S.W.3d 801,805(Tex.2001); See Thomas v. Long, 207 S.W.3d 334,338(Tex.2006). A petition containing multiple claims should not be dismissed just because the court lacks jurisdiction over one of the claims. Thomas at 338-39.

Here, the lower court dismissed claiming an incurable defect.(C.R. at 120). The jurisdicitional defect being that the court believed Brickley brought this claim under the Texas Penal Code, and that the Penal Code does not provide citizens with private causes of action

4

action.(C.R. at88-91). No hearing was had , nor was plaintiff afforded an opportunity to amend his petition.

Generally, if the court does not have jurisdiction over the subject matter of the suit, it must dismiss the suit for lack of jurisdiction without rendering a judgment on the merits. Black v. Jackson, 82 S.W.3d 44,56(Tex.App.-Tyler 2002,no pet.); See Jansen v. Fitzpatrick, 14 S.W.3d 426,431(Tex.App.-Houston[14th Dist.] 2000,no pet.) The dismissal must be without prejudice because a dismissal with prejudice is a final decision on the merits. See Black, 82 S.W.3d at 56; Jansen, 14 S.W.3d at 431.

On the other hand, if a plaintiff in a suit against a governmental entitiy has been given an opportunity to amend and the plaintiff's amended pleading still does not allege facts that would constitute a waiver of immunity, the court should dismiss the plaintiff's suit with prejudice. Harris Cty. v. Sykes, 136 S.W.3d 635, 639(Tex. 2004); City of Carrollton v. Harlan, 180 S.W.3d 894,898(Tex.App.-Dallas 2005, pet. denied); See also Texas A&M Univ. Sys. v. Koseoglu, 233 S.W.3d 835, 839-40(Tex.2007)(P is not required to amend its pleadings until after the court rules on the plea to jurisdiction). The dismissal is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once a court has determined there is no waiver of governmental immunity. See Harris Cty., 136 S.W.3d at 639; City if Carrollton, 180 S.W.3d at 898.

However, even this was not the case to dismiss with prejudice, because the issue of immunity was never addressed by the court, and had it been, immunity was shown to have been waived by facts presented in Brickley's petition by allegations of violations to TDCJ policy and the law by defendant.(C.R. at 3-4 & 16). Therefore,

5

the lower court acted without any guiding principles in dismissing the case with prejudice, and had no authority to do so.

Issue 2: The trial court erred in dismissing the case for jurisdiction.

Standard of Review: The appellate courts review a challenge to the trial court's jurisdiction de novo. State v. Holland, 221 S.W. 3d 639,642(Tex.2007). The appellate court first looks to the pleadings to determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. Tex. Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217,226(Tex. 2004). The appellate court construes the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings.

Here, the factual allegations of the pleadings show that defendant Walton, stole Brickley's legal work while working in concert with others, and refused to name the other responsible parties. Brickley had a right to the legal work; Walton intended on depriving him of the legal work; Brickley suffered harm as a result of the theft; and that harm was a violation to Brickley's civil rights.(C.R. at 8-9). During the course of these actions by Walton , he violated TDCJ policy, activley ignoring his duty to provide confiscation papers for the legal work precluding Brickley the ability to appeal the confiscation of the legal work The harm which resulted in  a civil rights violation was the deprivation of Brickley's access to courts and ability to participate in a legal action by depriving him of his exhibits that he had prepared for legal proceedings in the United States Supreme Court..

These facts give rise to a cognizable claim and establish the lo-

6

wer court's jurisdiction. However, the appellee focuses on the illustration of the Texas Penal Code violations required by the TTLA and §1983 civil suit to be demonstrated before a successful claim can be made in a civil suit. See Tex.Civ.Prac. & Rem.Code §134.002; See also J & J Sports Prods. v. JWJ Mgmt., Inc., 324 S.W. 3d 823(Tex.App.-Fort Worth 2010, no pet.)(with respect to civil liability for such actions, the Texas Theft Liability Act(TTLA) makes certain theft offenses subject to civil penalties as well. Section 134.002 specifically provides for a civil cause of action against a person who commits an offense under section 31.12). See also Mazaheri v. Rosenblatt Law Firm, No.04-24-00433-CV, 2025 Tex. App. LEXIS 4380(Tex.App.-San Antonio June 25,2025, no pet. h.)(demonstrating, one essential element to a TTLA claim is ownership of the unlawfully appropriated property. Tex.Civ.Prac. & Rem.Code §§ 134.002(2),134.005; Tex.Pen.Code §31.03(a).) Therefore, simply because Brickley names the elements of the Texas Penal Code's theft statute, the trial court should not have construed the pleadings to pursue a Texas Penal Code criminal claim against the appellee, although they are analoguous, instead should have observed the claims for damages directly nameing TTLA's statute for recovery.

Had the defense of immunity been properly raised, it would have still been waived because the officer's failed to comply with TDCJ policy, and they failed to show that the confiscated property was contraband, and in doing so, they were not entitled to immunity for the claim of theft. Sanchez v. Boone, 579 S.W.3d 526, 2019 Tex.App. LEXIS 4001 (Tex.App. Houston 14th Dist. May 16,2019 no pet.). Therefore, dismissal for jurisdiction was error.

Issue 3: The court erred by not first taking up the matter

7

of plaintiff's request for defendant's attorney to show authority to act.

Texas Rule of Civil Procedure 12 states,"a party in a suit or proceeding pending in a court of this state, may by sworn written motion stating that he believes the suit or proceeding is being prosecuted or defended without authority, cause the attorney to be cited to appear before the court to show authority to act."

Brickley filed a motion with an unsworn declaration requesting that attorney Jacob I. Pons, show authority to act as counsel.(C.R. at 114-119). Brickley made claim that Jacob Pons was precluded from representing Mr. Walton, because Mr. Walton was sued in his individual capacity for violations of policy and other laws; where Texas Government Code §402.021 has only authorized the Texas Attorney General to "prosecute and defend" "actions in which the state is interested."

"Under the Texas Constitution, the attorney general is an executive department officer whose primary duties are to render legal advice in opinions to various political agencies and to represent the State in civil litigation." Webster v. Comm'n for Law Discipline, 704 S.W.3d 478,2024 Tex. LEXIS 1175 (Tex.2024).

A suit against an official in his official capacity "seeks to impose liability against the governmental unit rather than on the individual specifically named and 'si, in all respects other than name,... a suit against the entity.'" Tex. A&M Univ. Sys. Koseoglu, 233 S.W.3d 835,844(Tex.2007)(quoting Ky. v. Graham, 473 U.S. 159 166,105 S.Ct. 3099, 87 L.Ed.2d 114(1985)). Here, the exact opposite is the case. Defendant was, by actions committed, lacking immunity because he was not (1) performing discretionary duties in (2) good

8

faith (3) acting within the scope of his authority. <u>City of Lancaster v. Chambers</u>, 883 S.W.2d 650,653(Tex.1994).

Being that Mr. Walton did not enjoy immunity, the state was not considered a party and therefore had no interest in the suit. And although Mr. Walton reserved his right to claim immunity, he never actually made a claim of immunity, nor was he entitled to such a claim. Because Brickley never made a claim under the TTCA, Brickley did not include the state in his civil suit, because the TTCA remedies are in addition to other remedies, he was not required to. Tex.Civ.Prac. & Rem.Code §101.003.

Therefore, even now the Texas Attorney General's Office is acting without authority. And since the court refused Brickley appointment of counsel(C.R. at 63-64), but allowed defendant unauthorized representation, equal protection under the 14th Amendment was violated.

## CONCLUSION

The lower court abused discretion when dismissing this case, because, had liberal interpretation of the pleadings in favor of the petitioner been enjoyed, the case would not have been dismissed where Brickley's pleadings would been found in accordance with the Texas Civil Practice and Remedies Code rather than the Texas Penal Code. And the civil rights claims would have been construed to be in accordance with §1983 rather than the penal code. The references to the Texas Penal Code would have been found as references in support of his claim as required by legislation and precedent to succeed on the suit. The lower court would understand that, although the Texas Penal Code does not create a private cause of action, it does not preclude a private cause of action either.

9

And because there was no hearing or claim of immunity, or non-curable defects the lower court erred in dismissing the case with prejudice.

Further, because the State is not an interested party, the lower court abused discretion in not first taking up the request for attorney to show authority to act, resulting in defendant being allowed unauthorized protection of the law and plaintiff being denied an authorized protection of law via appointment of counsel, through discretion granted by the courts.

## PRAYER

For these reasons appellant, James Brickley, asks this Court to reverse the decision of the lower court and remand this case to the trial court for proceedings in accordance with the law, and to authorize the lower court to appoint counsel in the proceeding as seen fit, and to address the Attorney General's authorization to act as attorney before proceeding with preliminary matters.

Respectfully submitted,

JAMES BRICKLEY
Appellant, pro se
3201 FM 929
Gatesville, Texas 76597

## CERTIFICATE OF SERVICE

I, James Brickley, hereby certify that a true and correct copy of the foregoing Appellant's Brief and Appenix was sent to my agent with explicit instructions to forward to the opposing party via certified mail, RRR. Executed on August 21, 2025.

NO. 15-25-00118-CV

JAMES BRICKLEY,

Appellant,

v.

NICHOLAS WALTON,

Appellee.

---

## APPELLANT'S APPENDIX

---

## LIST OF DOCUMENTS

1. The trial Court's judgment ................................Tab 1

2. Plaintiff's Request for Findings of Fact and Conclusions
   of Law.................................................Tab 2

3. Plaintiff's Motion Requesting Jacobi I. Pons to Show
   Authority to Act.......................................Tab 3

TAB 1

CAUSE NO. DC-24-55842

| | | |
|---|---|---|
| JAMES BRICKLEY, <br> *Plaintiff,* | § <br> § <br> § <br> § | IN THE DISTRICT COURT OF |
| v. | § <br> § <br> § | CORYELL COUNTY, TEXAS |
| NICHOLAS WALTON, <br> *Defendant.* | § <br> § | 440TH JUDICIAL DISTRICT |

## ORDER

On this day the Court considered defendant Nicholas Walton's Plea to the Jurisdiction. Having considered the motion and arguments of the parties, the Court is of the opinion that the motion should in all things be **GRANTED**. The Court finds that it lacks subject-matter jurisdiction over plaintiff James Brickley's claims pursuant to the Texas Penal Code. The Court also finds that this is an incurable defect for which leave to amend is futile. It is therefore:

**ORDERED** that defendant Walton's motion is **GRANTED**. It is further

**ORDERED** that plaintiff Brickley's claims against defendant Walton are **DISMISSED** with prejudice.

Signed this _10_ day of _June_, 2025.

JUDGE PRESIDING

Filed
CORYELL COUNTY
11:55 o'clock

JUN 11 2025

DISTRICT CLERK

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gloriana Ojeda on behalf of Jacob Pons
Bar No. 24139435
gloriana.ojeda@oag.texas.gov
Envelope ID: 100231302
Filing Code Description: Motion (No Fee)
Filing Description: 20250429_Ds PTJ
Status as of 4/30/2025 8:04 AM CST

Associated Case Party: Nicholas Walton

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Bridney Mcfield | | britney.mcfield@oag.texas.gov | 4/29/2025 3:22:29 PM | SENT |
| Jacob Pons | 24139435 | jacob.pons@oag.texas.gov | 4/29/2025 3:22:29 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Gloriana Ojeda | | gloriana.ojeda@oag.texas.gov | 4/29/2025 3:22:29 PM | SENT |

TAB 2

CAUSE NO. DC-24-55842

| | | |
|---|---|---|
| JAMES BRICKLEY,<br>  Plaintiff, | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | CORYELL COUNTY, TEXAS |
| | § | |
| NICHOLAS WALTON,<br>  Defendant. | § | 440th JUDICIAL DISTRICT |

## PLAINTIFF'S REQEUST FOR FINDINGS OF FACT & CONCLUSIONS OF LAW

Plaintiff, James Brickley, asks the Court to file the findings of fact and conclusions of law.

### INTRODUCTION

1. Plaintiff, James Brickley, sued defendant, Nicholas Walton for theft and violation of Brickley's inmate civil rights for his part in the theft of Brickley's legal materials which affected the outcome of his parental rights case. Mr. Walton was sued in his individual capacity, where he made no claim of immunity from suit; There were no hearings on the facts of the case; and the case was dismissed with prejudice.

2. The Court signed an order dismissing the case with prejudice on June 10th,2025, filed June 11th,2025.

### REQUEST

3. Plaintiff asks the Court to file findings of fact and conclusions of law and require the court clerk to mail copies to all parties, as required by Texas Rule of Civil Procedure 297.

4. Plaintiff files this request within 20 days after the Court signed judgment or order. Tex.R.Civ.P. 295.

Respectfully submitted,

_JAMES BRICKLEY_    13 June 2025

JAMES BRICKLEY
3201 FM 929
GATESVILLE, TEXAS 76597

Filed
CORYELL COUNTY
JUN 26 2025

DISTRICT CLERK

140

1

## CERTIFICATE OF SERVICE

I, James Brickley, certify that a true and correct copy of the foregoing motion was sent to my agent with express instructions to forward the same to the attorney for the defendant at the address below via certified mail, return reciept requested. Executed on this 18th day of June, 2025.

JACOBI I. PONS
ASST. ATTORNEY GENERAL
LAW ENFORCEMENT DEFENSE DIVISION
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 12548, CAPITOL STATION
AUSTIN, TEXAS 78711

18 June 2025

JAMES BRICKLEY
3201 FM 929
GATESVILLE, TEXAS 76597

141

2

TAB 3

No.DC-24-55842

JAMES BRICKLEY,
  Plaintiff,

§    IN THE DISTRICT COURT OF

v.                   §    CORYELL COUNTY, TEXAS

§

NICHOLAS WALTON,
  Defendant

§    440th JUDICIAL DISTRICT

---

## PLAINTIFF'S MOTION REQUESTING JACOBI I. PONS TO SHOW AUTHORITY TO ACT

Plaintiff, James Brickley, files this verified motion requesting Jacobi I. Pons to show their authority to defend this suit on behalf of defendant, Nicholas Walton, as allowed by Texas Rule of Civil Procedure 12.

### INTRODUCTION

1. Plaintiff, James Brickley, sued Defendant, Nicholas Walton, in his individual capacity for acts violative of TDCJ policy and the Texas Penal Code in his individual capacity and authorized by the Texas Civil Practices and Remedies Code §134.001; for theft and violation of Brickley's inmate civil rights.

2. On May 10, 2025 Brickley recieved Walton's " Original Answer" submitted by Jacobi I. Pons, Asst. Attorney General, filed electronically on April 29, 2025. On May 10, 2025, Brickley submitted an answer to Walton's requests for disclosure in Defendant's Original Answer.

### BACKGROUND

3. Plaintiff believes that Jacobi Pons is defending this suit without the authority of the Office of the Attorney General.

4. Plaintiff has filed this suit against Nicholas Walton in his individual capacity, due to the nature of the allegations, which would violate TDCJ policy and the penal law as laid out as guides in the petition, he would not be entitled to sovereign immunity,

Filed
CORYELL COUNTY
10.21 o'clock A.M.
JUN 09 2025
Baby Ugan
DISTRICT CLERK

114

therefore, the Office of the Attorney General has no authority to represent the defendant in this suit.

## ARGUMENT & AUTHORITIES

5. When a party alleges an attorney is prosecuting or defending a suit on behalf of another without authority, the challenged attorney must appear before the court to show his or her authority to act. Tex.R.Civ.P. 12.

6. Under Rule 12, the Court should cite Jacobi I. Pons and require him to appear for a hearing to show his authority to defend on behalf of Nicholas Walton.

7. Texas Government Code § 402.021 gives the Attorney General authority to "prosecute and defend all action in which the state is interested before the Supreme Court and courts of appeals". However, there is no authority to represent Nicholas Walton when sued in his individual capacity, because the state does not have an interest in this suit. A claim of sovereign immunity may not be assumed but must first be claimed before it can be recognized by the court. Where Walton merely reserved his right to make the claim in his Original Answer, he had not actually made the claim.

## CONCLUSION

8. Plaintiff requests a hearing to have Jacobi I. Pons show authority to act in this case as attorney for defendant in his individual capacity, or show that he should not be sued in his individual capacity.

## PRAYER

9. For these reasons, plaintiff asks this court to cite Jacobi I. Pons to appear before the Court and show his authority to defend this case on behalf of Nicholas Walton.

Respectfully submitted,

JAMES BRICKLEY
3201 FM 929
GATESVILLE, TEXAS 76597

## CERTIFICATE OF SERVICE

I, James Brickley, hereby certify that I have sent a true and correct copy of the foregoing motion and the accompanying Unsworn Declaration of the Plaintiff to my agent with express instructions to forward to the defendant at the address below. Executed on this the 2nd day of June, 2025.

JACORI I. PONS
ASST. ATTORNEY GENERAL
LAW ENFORCEMENT DEFENSE DIV.
OFFICE OF THE ATTORNEY GENERAL
P.O. BOX 12548, CAPITOL STATION
AUSTIN, TEXAS 78711

JAMES BRICKLEY
3201 FM 929
GATESVILLE, TEXAS 76597

JULIA RODGERS-BLACKMON
335 JIM BELL ROAD
CAMPTI, LA 71411

7021 0950 0000 2078 9907

Jacob Pons
Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548
Austin, Texas 78711

## SENDER: COMPLETE THIS SECTION

- ■ Complete items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Jacob Pons
Office of the Attorney General
P.O. Box 12548
Austin, Tx 78711

9590 9402 8954 4064 6209 72

2. Article Number (Transfer from service label)



7021 0950 0000 2078 9907

## COMPLETE THIS SECTION ON DELIVERY

A. Signature

X
- ☐ Agent
- ☐ Addressee

B. Received by (Printed Name)　　C. Date of Delivery

D. Is delivery address different from item 1?　☐ Yes
If YES, enter delivery address below:　☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Restricted Delivery
(over $500)
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053　　Domestic Return Receipt

TO: Clerk of the
15th COURT OF APPEALS
P.O. Box 12852
Austin, Texas 78711

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

SEP 09 2025

CHRISTOPHER A. PRINE
CLERK

August 29, 2025

RE:     JAMES BRICKLEY  v.  NICHOLAS WALTON
        15TH COA CAUSE # 15-25-00118-CV; TRIAL CAUSE  # DC-24-55842
        APPELLANT'S BRIEF


I am sending an extra copy of the following documents "APPELLANT'S BRIEF" listed above
to be filed stamped and returned in the postage paid and addressed envelope to the
address listed below


Sincerely,
Acting Agent for
James Brickley
Julia Rodgers-Blackmon
335 Jim Bell Rd
Campti, LA 71411

JULIA RODGERS-BLACKMON
335 JIM BELL ROAD
CAMPTI, LA 71411

7021 0950 0000 2078 9934

RECEIVED IN
15th COURT OF APPEALS
AUSTIN, TEXAS

SEP 0 9 2025

CHRISTOPHER A. PRINE
CLERK



Retail

UNITED STATES
POSTAL SERVICE ©

RDC 99

78711

U.S. POSTAGE PAID
FCM LG ENV
CAMPTI, LA 71411
SEP 02, 2025

$14.14

S2324P500108-7

Clerk of the
15th Court of Appeals
P.O. Box 12852
Austin, Texas
78711